1

2

3

4

5

6

7

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON**

8

**SEATTLE DIVISION**

9

| | |
|---|---|
| AMBER KRABACH, an individual, | No. _____ |
| Plaintiff, | |
| v. | **COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES** |
| KING COUNTY, a local governmental entity, JULIE WISE, in her individual capacity, and in her official capacity as Director of King County Elections; STEVE HOBBS, in his official capacity as Secretary of State of the State of Washington; and JAY INSLEE, in his official capacity as Governor of the State of Washington, | **[JURY DEMAND]** |
| Defendants. | |

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

The Plaintiff, AMBER KRABACH ("Krabach" or the "Plaintiff"), by and through her undersigned counsel, and for her Complaint against Defendants, KING COUNTY (the "County"), JULIE WISE ("Director Wise"), in her individual capacity and in her official capacity as the Director of KING COUNTY ELECTIONS ("KCE") (in this latter capacity, Director Wise may hereinafter be referred to as "KCE"), STEVE HOBBS (the "Secretary" or "Sec. Hobbs"), in his official capacity as Secretary of State of the State of Washington, and JAY INSLEE (the "Governor" or "Gov. Inslee"), in his official capacity as Governor of the State of Washington (collectively, the "Defendants"), hereby alleges as follows:

## I.     INTRODUCTION.

1.      This is a civil rights action for declaratory & injunctive relief, as well as damages, seeking to vindicate the rights of the Plaintiff, an individual and resident of King County and the State of Washington, to freedom of speech during the pendency of an election for state and federal office, as guaranteed by the First Amendment to the United States Constitution (incorporated against the states by way of the Fourteenth Amendment), as well as Article I, Sections 4 and 5 of the Washington State Constitution.[1]

2.      Upon information and belief, the Defendants have violated the Plaintiff's state and federal constitutional rights, as set forth herein, because they disapprove of Mrs. Krabach's message (and her political views generally) and sought to silence her speech and those of perceived political allies, as well as to prevent others from considering it. But Mrs. Krabach's political speech – non-disruptive signs containing basic, factual information about the voting process, provided to the general public in the context of a Washington election for state and federal office – represents speech at the apex of First Amendment protection. It cannot lawfully be restricted for political

---

[1] Article 1, Section 5 of the Washington Constitution states that "[e]very person may freely speak, write and publish on all subjects, being responsible for abuse of that right."

COMPLAINT FOR DECLARATORY
RELIEF, INJUNCTIVE RELIEF &
DAMAGES                              2

1    convenience, nor to prevent voters or others from considering the potential ramifications of

2    fraudulent election activity. To criminalize Plaintiff's speech, without even so much as providing

3    basic notice of what the law prohibits and what it allows, is overbroad, unnecessary to accomplish

4    any legitimate purpose, and flagrantly unconstitutional. Plaintiff prays the Court will order relief

5    to redress these violations.

6    **II.     PARTIES.**

7      3.      The Plaintiff, Mrs. Krabach, is a natural person, and a resident of King County,

8    Washington, in the City of Woodinville.

9      4.      King County is a local governmental entity in the State of Washington, including

10    the City of Seattle and surrounding areas, and includes as subdivisions thereof KCE, as well as the

11    King County Sheriff's Office.

12      5.      Julie Wise is the Director of KCE, and is sued in both her individual and official

13    capacities. KCE is a subdivision of King County Government, responsible for conducting elections

14    and voting in King County, in accordance with applicable provisions of the RCW ch. 29A.84, *et*

15    *seq.*, and regulations promulgated pursuant thereto.

16      6.      Director Wise is the highest official of KCE, imbued with policy-making authority

17    on behalf of the County, in her position as Director, with respect to the conduct of Washington

18    elections.

19      7.      Steve Hobbs is the Secretary of State of Washington, and is sued only in his official

20    capacity. The Secretary is an agency of Washington state government, responsible for overseeing

21    and supervising elections and voting in the State of Washington, in accordance with applicable

22    provisions of the RCW ch. 29A.84, *et seq.*, and regulations promulgated pursuant thereto.

23

24

COMPLAINT FOR DECLARATORY
RELIEF, INJUNCTIVE RELIEF &
DAMAGES      3

8.      Governor Inslee is Governor of the State of Washington, and is sued only in his official capacity. The Governor is responsible for commanding the executive branch of Washington state government and for enforcing the laws generally, including, but not limited to RCW ch. 29.A, *et seq.*, and regulations promulgated pursuant thereto.

### III.      JURISDICTION AND VENUE.

9.      The Court has subject matter jurisdiction based on 28 U.S.C. §§ 1331 and 1343(a)(3), because this case raises violations of Plaintiff's federal constitutional rights, as well as intertwined violations of the Washington Constitution, and is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and 28 U.S.C. §§ 2201 and 2202.

10.     Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391(b), and intra-district assignment to the Seattle division of the United States District Court for the Western District of Washington is proper under LCR 3(e)(1), because all relevant events occurred in King County, Washington.

### IV.      STATEMENT OF FACTS.

*Mrs. Krabach's Political Activities Generally*

11.     Plaintiff, Amber Krabach, is an individual who formerly served as a member of the King County GOP Elections Integrity Committee (the "EIC"), a previously *ad hoc* committee of the King County GOP (the "KC GOP") that, up until the time of its dissolution in July, 2022, had no separate legal existence from the party itself.[2]

12.     Plaintiff served on the EIC from December, 2020, for approximately a year and a half, stepping down from her last position as Vice Chairman in May, 2022. At this time, the EIC has been dissolved by the KC GOP, but Mrs. Krabach was a member of the EIC until dissolution.

---

[2] Prior to the EIC's dissolution, the members of the KC GOP Board of Directors unanimously voted to make the EIC a "standing committee."

COMPLAINT FOR DECLARATORY
RELIEF, INJUNCTIVE RELIEF &
DAMAGES                            4

13.     Mrs. Krabach was also a candidate for election to the office of State Representative, in the 2022 Washington state primary, running on a stated preference for the Election Integrity Party.

14.     Washington state residents voted in the statewide primary on August 2, 2022, but Ms. Krabach did not prevail in the primary. Mrs. Krabach nonetheless wishes to continue engaging in the First Amendment activities that are the subject matter of the instant action, through and including the November, 2022, general election in Washington.

15.     All of the Plaintiff's First Amendment activities and other activities as alleged *infra* were undertaken in her individual capacity, as a resident of Washington and of King County, and were not financed by, nor affiliated with, the KC GOP in any way. Although Plaintiff was a member of the EIC in the past, none of her activities undertaken in that regard comprise the protected First Amendment activities that are the subject matter of the instant claims.

16.     The Plaintiff's speech and other First Amendment activities, as alleged herein, represent political speech uttered during an election for state and federal office, and therefore occupy the highest rung of First Amendment protection recognized under our jurisprudence.

***Washington's Laws Concerning Ballot Drop Boxes***

17.     Washington is a state that allows mail-in and early voting, as reflected in RCW ch. 29A.40. As such, the voters are permitted the option of dropping their completed ballots into government-placed ballot drop boxes, situated in or around various government buildings and other locations.

18.     Washington also allows for voters to pass off their ballots to other individuals, to be placed in drop boxes as part of large bundles, in a practice colloquially known as "ballot harvesting." State law does not, however, specifically provide for security measures to ensure that

COMPLAINT FOR DECLARATORY
RELIEF, INJUNCTIVE RELIEF &
DAMAGES                                    5

1  the individuals who gather and deposit such ballots are not doing so fraudulently or otherwise in

2  violation of applicable law, such as where an individual is offered compensation to collect and/or

3  deposit ballots known to be fraudulently completed and/or otherwise invalid.  Plaintiff further

4  believes that the state's procedures for signature verification are insufficient to combat fraudulent

5  activity with respect to ballots, and has raised this concern in public forums, including to KCE.

6       19.     While a number of measures are taken by the state government and County

7  governments to ensure the security of the ballot drop boxes, precious few measures are taken, at

8  the State or County level, to ensure the integrity of ballots that are placed therein, by unidentified

9  individuals, acting on behalf of themselves or any number of other individuals.

10      20.     Surveillance cameras are placed by local governments in the areas around many of

11 the drop boxes,[3] but Plaintiff believes that this general surveillance is insufficient to deter fraud in

12 connection with ballot completion, ballot harvesting, or other untoward and/or potentially criminal

13 activities in connection with the depositing of ballots in Washington drop boxes.

14      21.     Plaintiff is aware that other individuals and entities conduct surveillance of ballot

15 drop boxes in Washington state. For instance, elections observers appointed by the major political

16 parties are sent to the voting centers to ensure that ballots are properly counted and/or collected,

17 and this activity includes drop box locations. Individuals and groups have a statutory privilege to

18 conduct such observation of the voting centers and ballot drop boxes in this state, pursuant to RCW

19 29A.84.510(5), as well as their right as citizens to be present in public areas and to observe

20 occurrences there.

21

22

---

23 [3] Signs are typically placed by the respective government entities, such as the sign outside of the Lake Forest Park
    public library, advising as follows: "WARNING – 24 HOUR SURVEILLANCE – NO TRESPASSING." Similar
    surveillance measures and signage warning the public of same are utilized by KCE itself, and there is a ballot drop
24  box located in its parking lot.

COMPLAINT FOR DECLARATORY
RELIEF, INJUNCTIVE RELIEF &
DAMAGES                              6

1    22.    In her capacity as an elections observer, Plaintiff has had occasion to advise King

2    County Elections of seeming issues with the handling of ballots, and in one instance, helped to

3    successfully ensure that ballots were counted, after noticing an issue with the procedures that may

4    have otherwise resulted in the ballots not being counted. The First Amendment activities

5    underlying the facts and claims alleged herein, however, were not undertaken in Plaintiff's

6    capacity as an elections observer for the KC GOP.

7    ***Mrs. Krabach's Ballot Drop Box Signs***

8    23.    Prior to the August, 2022, Washington state primary, Plaintiff (acting in her

9    individual capacity) printed and distributed signs containing the following message: "This Ballot

10   Dropbox is Under Surveillance – Accepting compensation for harvesting or depositing ballots may

11   be a violation of federal law. 52 U.S. Code § 20511; 18 U.S. Code § 594. Please report suspicious

12   activity here [to a URL code]." *See* ballot drop box sign template, a true and correct copy of which

13   is attached hereto as **Exhibit 1**.

14   24.    Starting on July 15, 2022, the aforementioned signs were placed near various ballot

15   drop box locations in King County, after being obtained from Plaintiff with her authority and

16   approval.

17   25.    Plaintiff instructed the individuals who received signs to place them at least 50-100

18   feet away from the ballot drop boxes themselves, in public rights of way and other areas where

19   campaign signs by various candidates were permitted and appeared.

20   26.    As such, the areas in which Plaintiff's speech took place were quintessential public

21   forums, such as public sidewalks, streets, thoroughfares, and adjacent areas.

22

23

24
COMPLAINT FOR DECLARATORY
RELIEF, INJUNCTIVE RELIEF &
DAMAGES                    7

27.     To the extent that any signs were placed on government property, they were placed in areas designated for similar speech, and therefore, this speech occurred in designated public forums. None of the signs were placed in non-public forums, or on the drop boxes themselves.

***The Government's Response to Mrs. Krabach's Political Speech***

28.     Nonetheless, upon becoming aware of Plaintiff's speech and the content of same, King County Elections and other County officials undertook to silence Mrs. Krabach from engaging in her protected speech, *i.e.*, providing basic, factual information to the general public (including voters) concerning the integrity of Washington elections.

29.     Within days of the signs going up (on July 18, 2022), Mrs. Krabach received a cease-and-desist letter penned by Mathew Patrick Thomas, Chairman of the KC GOP, demanding that Plaintiff "…immediately cease and desist in the publication, distribution and use of these signs and any reference to the KCGOP or the KCGOP EIC in any form," and threatening legal actions if the signs were not "immediately removed and destroyed" within ten (10) days from the date of the letter. *See* correspondence from KC GOP, a true and correct copy of which is attached hereto as **Exhibit 2**.[4]

30.     Upon information and belief, KC GOP's sending the aforementioned cease-and-desist letter (**Ex. 2**) was the result of its Chairman, Mr. Thomas, receiving a telephone call from Julie Wise, Director of King County Elections, complaining of Plaintiff's signs. During the call, Chairman Thomas assured Director Wise that actions would be taken to correct the issue, but that the KC GOP was not aware of and did not sanction the Plaintiff's ballot drop box signage.

---

[4] As stated in the cease-and-desist letter (*see* **Ex. 2**), "[a]t no time was the KCGOP granted the authority to publish these signs. Nor was any other organization or individual granted license to publish these signs," and indeed, the KC GOP EIC had no involvement in printing or distributing any of the signs at issue.

COMPLAINT FOR DECLARATORY
RELIEF, INJUNCTIVE RELIEF &
DAMAGES                              8

31.     Director Wise has gone beyond reaching out to the KC GOP, however, and has instead personally directed KCE officials to remove the Plaintiff's drop box signs, apparently without regard to their locations and whether they were within twenty-five (25) feet of any ballot drop boxes – which they admittedly have done, in accordance with those instructions.

32.     Director Wise has also personally engaged in a campaign to heap scorn and the scrutiny of law enforcement upon Plaintiff, for engaging in protected, political speech – including, but not limited to requesting that the King County Sheriff's Office investigate Plaintiff for these activities, and implementing a multi-faceted strategy among various local government officials to chill the Plaintiff, and others similarly situated, from engaging in protected speech activities.

33.     Under Director Wise's direction, KCE has put out a press release characterizing the drop box signs as a "…targeted, intentional strategy undertaken by party-affiliated activists to intimidate and dissuade voters from using secure ballot boxes," and stating that "King County Elections will not stand for intimidation or scare tactics." *See* press release, dated July 19, 2022, a true and correct copy of which is attached hereto as **Exhibit 3** (emphasis added).

34.     As Director Wise volunteers in the press release, her "…team is documenting and removing these signs and referring any information about who placed them to the King County Sheriff's Office for further investigation." *See* **Ex. 3**. The press release indicates that it constitutes a crime to place the signs, observing that voter intimidation is outlawed at both the federal and state level, and that it is a federal crime to conspire toward preventing or discouraging others from exercising their right to vote. *See id.*

35.     Upon information and belief, Director Wise has made other, similar, public statements, strongly suggesting that she would like to see Plaintiff criminally prosecuted for placing the signs, that she will continue to order removal of the signs wherever they appear, and

COMPLAINT FOR DECLARATORY
RELIEF, INJUNCTIVE RELIEF &
DAMAGES                                    9

that KCE's intent in taking an aggressive approach in censoring this speech is to deter Plaintiff and others from engaging in similar speech, *i.e.*, to chill them from exercising their First Amendment right to utter political speech in the context of an election for state and federal office.

36.     Other County executive branch officials have made similar statements, suggesting that the individuals who engaged in placing Plaintiff's ballot drop box signs could be subject to criminal prosecution at both the state and federal levels. For instance, KCE Chief of Staff Kendall Hodson told King 5 News that the signs are illegal under federal and state law – and according to the same article, the Sheriff's Office had *already* commenced an investigation into Plaintiff's First Amendment activities. *See* King 5 article dated July 20, 2022, "'This is an outrage': Inslee blasts those responsible for ballot box surveillance signs in King County," a true and correct copy of which is attached hereto as **Exhibit 4**.

37.     Upon information and belief, King County Executive Dow Constantine has also asked the King County Sheriff's Office to investigate Plaintiff's First Amendment activities and characterized the signs as "intimidation" and a "direct extension of…the Big Lie," attempting to associate them with political adversaries of Washington state Democrats and the unsuccessful efforts of former President Trump and others to challenge the 2020 election results.

38.     Moreover, King County Prosecuting Attorney Dan Satterberg has made a statement, quoted in a news article appearing in MyNorthwest, that "[s]igns intended to make voters feel like they are being watched and monitored and violating the law by depositing ballots is voter intimidation, period." *See* MyNorthwest article, July 21, 2022 (updated July 22, 2022), "'Violation of my First Amendment rights," House candidate says of removal of election surveillance signs," a true and correct copy of which is attached hereto as **Exhibit 5**.

COMPLAINT FOR DECLARATORY
RELIEF, INJUNCTIVE RELIEF &
DAMAGES                              10

1       39.     As such, the unanimity among County officials reflects the policy of King County

2   to interpret relevant RCW's and W.A.C. provisions in such a way that disfavored speech such as

3   Plaintiff's is prohibited as "intimidation," including, but not limited to under the broad and

4   malleable statutory restriction of "…any practice which interferes with the freedom of voters to

5   exercise their franchise…". *See* RCW 29A.84.510(1)(a)(iv).

6       40.     Upon information and belief, this policy determination to censor Plaintiff's and

7   others' political speech by removing her signs, and to chill future speech by threats of criminal

8   prosecution, has been approved not only at the level of KCE and its employees, but on a County-

9   wide basis, and has been ratified by its highest executive officials, including Prosecuting Attorney

10  Satterberg and Executive Constantine.

11      41.     In the aforementioned July 22 King 5 article, moreover, Gov. Inslee is quoted as

12  saying that the drop box signs are part of "Republican national efforts to suppress" those that they

13  disagree with, and that the State of Washington "…will be taking whatever action is necessary to

14  stop this behavior," which could include, he acknowledged, "additional legislation." *See* **Ex. 4**.

15      42.     The State and County governments' approach to Mrs. Krabach's speech also

16  reveals their inclination to defer to political pressure exercised by groups who disagree with the

17  political speech of Mrs. Krabach and other conservatives, and who believe that providing

18  information about the voting process disenfranchises them or "suppress[es]" their vote.

19      43.     Accordingly, Defendants' conduct in silencing Plaintiff's protected speech

20  amounts to viewpoint discrimination, because it is explicitly intended to prevent the promulgation

21  of viewpoints believed to be associated with conservatives and/or the Republican Party, which

22  viewpoints are perceived by the Defendants, as elected officials, to be politically unpopular in

23  King County and in the State of Washington.

24

COMPLAINT FOR DECLARATORY
RELIEF, INJUNCTIVE RELIEF &
DAMAGES                             11

44.    By characterizing disfavored speech as "intimidation," subject to censorship and to criminal prosecution, the County and the State are extending a pre-emptive "heckler's veto," to anyone who takes issue with – or even conceivably may take issue with – Plaintiff's speech.

45.    Upon information and belief, no other, election-related signs placed in similar areas have been removed, or the speakers threatened with criminal prosecution for expressing their speech, including, but not limited to campaign signs of various candidates for office.

46.    At this time, Plaintiff has been contacted by the King County Sheriff's Office for a statement with respect to the foregoing factual circumstances, apparently as part of its investigation into same.

47.    Fearing further retribution from government officials, Mrs. Krabach has exercised her constitutional right to decline such a statement.

48.    At this time, the Sheriff's Office has tentatively concluded its investigation of Mrs. Krabach, and Mrs. Krabach has not been charged with a crime based on her First Amendment activities. Yet the investigation remains technically open, although "inactive," subject to future investigation and prosecution, "…if similar behavior is seen during the next election." *See* King County Sheriff's Report, at "Narrative," p. 2, a true and correct copy of which is attached hereto as **Exhibit 6**; *see also* Seattle Times article, "No voter intimidation charges in Seattle ballot box surveillance, dated September 1, 2022, a true and correct copy of which is attached hereto as **Exhibit 7**.

49.    Moreover, it appears from the Sheriff's report that the only reason that further efforts to prosecute Mrs. Krabach have not been made to date is that the offending behavior, ("placing signs near ballot boxes"), had stopped after the KC GOP denounced the effort and "…it was publicly announced an investigation had been opened." *See* **Ex. 6**, at "Narrative," p. 2. The

COMPLAINT FOR DECLARATORY
RELIEF, INJUNCTIVE RELIEF &
DAMAGES                    12

1  report leaves no doubt that silencing Mrs. Krabach's speech, in the form of the signs, "…was the

2  primary goal of the agencies involved." *See id*.

3     50.    This determination (to suspend investigatory and/or enforcement efforts, so long as

4  Plaintiff's speech remains chilled by threat of prosecution) was made between and among the King

5  County Prosecuting Attorney's Office and KCE, on or around August 17, 2022. *See id.*

6     51.    If Mrs. Krabach should choose to re-commence placing signs with protected speech

7  near ballot drop boxes, however, it is equally clear that investigation and/or prosecution will re-

8  commence. Indeed, by her own admission, Director Wise remains "vigilant" going into the general

9  election, and states that "…the parties involved, as well as any others looking to interfere with

10 voting in any form, have been put on notice – attempts to dissuade voters will be met with action."

11 *See* **Ex. 7** (quoting Director Wise); *see also* NW News Network article, "No charges in Washington

12 ballot drop box surveillance investigation," dated September 1, 2022, a true and correct copy of

13 which is attached hereto as **Exhibit 8** (same).

14    52.    The violations alleged herein, of Plaintiff's state and federal constitutional rights,

15 were proximately caused by the actions of Director Wise, acting in her official capacity as the

16 Director of KCE and as an official with final policy-making authority for the County, which

17 violations represented acts of official County policy with respect to the implementation of elections

18 statutes, including RCW 29A.84.510(1), RCW 29A.84.520, and W.A.C. 434-250-100(6).

19    53.    The violations alleged herein, of Plaintiff's state and federal constitutional rights,

20 were proximately caused by the County's policy and/or custom with respect to the implementation

21 of elections statutes, including RCW 29A.84.510(1), RCW 29A.84.520, and W.A.C. 434-250-

22 100(6), the County's failure to adequately train its officials and/or employees in the

23 implementation of those statutes and regulations, the County's deliberate indifference with respect

24

COMPLAINT FOR DECLARATORY
RELIEF, INJUNCTIVE RELIEF &
DAMAGES          13

1    to the conduct of its officials and/or employees in implementing the foregoing statutes and

2    regulations, and/or the County's ratification of the conduct of its officials and/or employees in

3    implementing the foregoing statutes and regulations.

4    ***Relevant Statutory & Regulatory Provisions***

5         54.    In its current form, Washington law purports to regulate the subject of virtually any

6    activity (including speech) taking place in the vicinity of election voting centers and drop boxes.

7    Primarily, RCW 29A.84.510(1) provides that

8         During the voting period that begins eighteen days before and ends the day of a
          special election, general election, or primary, no person may: (a) Within…any
9         public street or room in any public manner within…25 feet measured radially from
          a ballot drop box as described in RCW 29A.40.170: (i) Suggest or persuade or
10        attempt to suggest or persuade any voter to vote for or against any candidate or
          ballot measure; … (iv) Engage in any practice which interferes with the freedom of
11        voters to exercise their franchise or disrupts the administration of the voting center."

12   (emphasis added).

13        55.    RCW 29A.84 also provides, in relevant part, that "[a]ny election officer who does

14   any electioneering at a voting center or ballot drop location during the voting period that begins

15   eighteen days before and ends the day of a special election, general election, or primary is guilty

16   of a misdemeanor…". *See* RCW 29A.84.520 (emphasis added).

17        56.    Moreover, administrative regulations implementing the foregoing statutes have

18   been promulgated, including W.A.C. 434-250-100(6), which provides that "[w]ithin twenty-five

19   feet of a ballot deposit site that is not located within a voting center, no person may electioneer,

20   circulate campaign material, solicit petition signatures, or interfere with or impede the voting

21   process. Whenever it is necessary to maintain order around a ballot deposit site, the county auditor

22   may contact a law enforcement agency for assistance." (emphasis added).

23

24

COMPLAINT FOR DECLARATORY
RELIEF, INJUNCTIVE RELIEF &
DAMAGES                    14

57.     On their face, RCW 29A.84.510(1)(i), RCW 29A.84.510(1)(iv), RCW 29A.84.520, and W.A.C. 424-250-100(6) are overbroad to accomplish any legitimate governmental purpose, and therefore unconstitutional, as it is entirely subjective and up to administrative discretion which activities represent "suggest[ing] or persuad[ing] voters" to vote a particular way, what constitutes "electioneering," or what may come within the all-encompassing, amorphous, undefined language of "…any practice which interferes with the freedom of voters to exercise their franchise."

58.     Although Plaintiff does not believe that her First Amendment activities run afoul of RCW 29A.84.510(1), RCW 29A.84.520, or W.A.C. 434-250-100(6), and does not so contend herein, various State and County officials' statements that the activities represent "intimidation" effectively mean that these officials' have construed, and will continue to construe, the foregoing statutes to apply to the posting of signs containing factual information about the elections process, and implementing them accordingly (at least as to speakers with whom they disagree).

59.     Conduct amounting to "[i]ntimidation" of voters attempting to vote would likely constitute a violation of the foregoing statutes and regulations, for instance, but it is unclear to what extent protected speech that *some* may consider intimidating would be within the scope of the foregoing statutes and regulations, as construed by State and County officials, and it is unclear to what extent the label of certain speech being "intimidating" depends upon the speech being false. One should also think that "intimidation" would require a physical presence on the part of the intimidator, a factor totally absent in the case of Plaintiff's First Amendment activities.

60.     In the Ninth Circuit Court of Appeals, it is well-settled that there can be no permissible State interest in insulating voters from receiving information that may affect their choices, and that the State's only legitimate interest in regulating political speech in the context of

COMPLAINT FOR DECLARATORY
RELIEF, INJUNCTIVE RELIEF &
DAMAGES                         15

1    an election is the interest in avoiding disruption, and maintaining peace, order, and decorum at the

2    polls. *See Daily Herald Co. v. Munro*, 838 F.2d 380, 385-87 (9th Cir. 1988).

3         61.    It is also clearly established, both in the State of Washington and at the federal level,

4    that the State does not have a legitimate interest in regulating anonymous, or even factually false,

5    speech, in the context of elections. *See State ex rel. Public Disclosure Commission v. 119 Vote No!*

6    *Committee*, 135 Wn.2d 618, 624-25 (Wa. S.Ct. 1998); *McIntyre v. Ohio Elections Commission*,

7    514 U.S. 334, 352-53, 357 (1995). *A fortiori*, the government cannot lawfully restrict the mere

8    presentation of factual information to the public during an election season, concerning matters of

9    public interest with respect to the election itself.

10        62.    Plaintiff and other citizens are not provided with fair notice of what the law in

11   Washington prohibits and what it permits with respect to public communications in the vicinity of

12   ballot boxes. These statutes and regulations do not provide due process, and are therefore void-

13   for-vagueness, because they are subject to total administrative discretion and cannot be

14   constitutionally applied.

15        63.    Moreover, as applied to Plaintiff's non-disruptive First Amendment activities of

16   placing unmanned signs in the vicinity of ballot drop boxes, RCW 29A.84.510(1)(i), RCW

17   29A.84.510(1)(iv), RCW 29A.84.520, and W.A.C. 424-250-100(6) are unconstitutional, because

18   no legitimate governmental purpose is served by restricting this core, political speech. The

19   foregoing statutes and regulations are over-inclusive and cannot satisfy strict scrutiny or exacting

20   scrutiny.

21

22

23

24

COMPLAINT FOR DECLARATORY
RELIEF, INJUNCTIVE RELIEF &
DAMAGES                          16

1    64.    The foregoing statutes and regulations are not content-neutral, and do not represent

2    reasonable time, place, manner restrictions on speech, because they are subject to no definitions

3    or other objective standards to guide their application, and because they do not leave open

4    alternative channels of communication to convey similar information, *inter alia*.

5    ***Mrs. Krabach's Standing to Seek Relief***

6    65.    Plaintiff is subject to a credible, imminent threat of prosecution for her First

7    Amendment activities, which could result in a prison term of up to one (1) year, or a fine of Five

8    Thousand Dollars ($5,000.00), pursuant to statute. *See* RCW 29A.84.510(4); W.A.C. 434-250-

9    100(6).[5]

10    66.    The Sheriff's investigation of Plaintiff for her protected speech has been

11    temporarily suspended, but remains open, and could be re-activated the moment that she

12    undertakes to continue engaging in her protected First Amendment activities, and Mrs. Krabach

13    subsequently prosecuted for such.

14    67.    As a result of the threats of prosecution by various State and County officials, Mrs.

15    Krabach has presently ceased engaging in her protected First Amendment activities (pending the

16    Court's resolution of this matter), but would continue to engage in these and similar activities

17    leading up to the general election in November, 2022, if such are determined to represent protected

18    speech for which she may not be prosecuted and which may not be silenced or restricted.

19    68.    Plaintiff has also been injured by the actions already taken by KCE and/or Director

20    Wise, in removing and/or disposing of Plaintiff's signs, prior to the Plaintiff making any efforts to

21    comply with the KC GOP's cease-and-desist notice and remove any remaining signs, and prior to

22    any determination whether to continue in this speech.

23    _____

24    [5] As a result, Plaintiff is also subject to a credible threat of prosecution under RCW 29A.84.520 and W.A.C. 434-250-100, to the extent that her activities could be construed as "electioneering."

COMPLAINT FOR DECLARATORY
RELIEF, INJUNCTIVE RELIEF &
DAMAGES                17

69.     Whether Plaintiff may engage in such protected activities, or whether same may lawfully be prosecuted and/or silenced by government authorities under RCW 29A.84.510, RCW 29A.84.520, or W.A.C. 424-250-100(6), are questions comprising an actual, ongoing controversy that is ripe for a decision by this Court.

70.     Plaintiff has invoked the jurisdiction of this Court to vindicate her state and federal constitutional rights, which have been and which will continue to be injured by the unlawful conduct of Defendants, and which injuries would be adequately redressed by the relief set forth herein and/or prevented in the future, as they are fairly traceable to the actions of the Defendants.

71.     The Plaintiff has incurred attorney's fees and costs in connection with the filing and prosecution of this lawsuit, and hereby requests to be made whole for same, pursuant to 42 U.S.C. § 1988.

## V.     CLAIMS FOR RELIEF.

### CLAIM 1
### First Amendment Violation for Prohibiting Protected Speech,
### Pursuant to 42 U.S.C. § 1983, Against All Defendants (Facial & As-Applied Challenge)

72.     The Plaintiff hereby re-alleges and incorporates by reference all of the paragraphs and allegations set forth above, as if fully set forth herein.

73.     This Claim 1 alleges a First Amendment free speech violation for the Defendants' unconstitutionally restricting and/or silencing the protected speech of Mrs. Krabach, by virtue of the foregoing legislative and regulatory enactments that purport to prohibit First Amendment activities in which she has engaged, and in which she would engage in the future, if permitted to do so without fear of punishment or censorship.

74.     The aforementioned statutes and regulations are content-based, as one would be required to consider the speech in which a speaker is engaged, in order to determine whether that First Amendment activity is prohibited by the corresponding statutes and regulations.

75.     But the aforementioned statutes and regulations do not define what constitutes "electioneering," or an "attempt to suggest or persuade any voter," or "any practice which interferes with the freedom of voters to exercise their franchise," or what it may be to "interfere with or impede the voting process." These terms and phrases are subject to no reasonably understandable plain meaning, and are not limited only to conduct, in exclusion of speech.

76.     The aforementioned statutes and regulations are further subject to no reasonable limiting construction by the Court, individually or cumulatively, which would render their application constitutional.

77.     In applying the aforementioned statutes and regulations, it would not be necessary to the government actor's analysis that the activities be "disruptive" in any way; indeed, the law separately prohibits conduct which "disrupts the administration of the voting center." *See* RCW 29A.84.510(1)(a)(iv). As such, any additional restrictions are unnecessary to accomplish this limited, permissible governmental purpose.

78.     The First Amendment to the U.S. Constitution, incorporated against the State of Washington by the Fourteenth Amendment, and the Washington Constitution, protect individuals' right to engage in political speech such as that engaged in by Ms. Krabach. Further, the right of free speech forbids state actors from favoring one viewpoint over other viewpoints, and from restricting or silencing protected speech by the use of overbroad or standardless restrictions such as those at issue here.

COMPLAINT FOR DECLARATORY
RELIEF, INJUNCTIVE RELIEF &
DAMAGES                          19

1    79.    Defendants are liable under 42 U.S.C. § 1983 because their conduct, engaged in

2  under color of law, deprived the Plaintiff of her federal constitutional rights, as set forth herein.

3                                              CLAIM 2
                            First Amendment Violation for Overbreadth,
4           Pursuant to 42 U.S.C. § 1983, Against All Defendants (Facial Challenge)

5    80.    The Plaintiff hereby re-alleges and incorporates by reference all of the paragraphs

6  and allegations set forth above, as if fully set forth herein.

7    81.    This Claim 2 alleges a First Amendment free speech violation for the Defendants'

8  chilling the protected speech of Mrs. Krabach, by virtue of the foregoing overbroad legislative and

9  regulatory enactments that purport to prohibit First Amendment activities in which she has

10  engaged, and in which she would engage in the future, if permitted to do so without fear of

11  punishment or censorship.

12    82.    The aforementioned statutes and regulations are content-based, as one would be

13  required to consider the speech in which a speaker is engaged, in order to determine whether that

14  First Amendment activity is prohibited by the corresponding statutes and regulations.

15    83.    But the aforementioned statutes and regulations do not define what constitutes

16  "electioneering," or an "attempt to suggest or persuade any voter," or "any practice which

17  interferes with the freedom of voters to exercise their franchise," or what it may be to "interfere

18  with or impede the voting process." These terms and phrases are subject to no reasonably

19  understandable plain meaning, and are not limited only to conduct, in exclusion of speech.

20    84.    The aforementioned statutes and regulations are further subject to no reasonable

21  limiting construction by the Court, individually or cumulatively, which would render their

22  application constitutional.

23

24
     COMPLAINT FOR DECLARATORY
     RELIEF, INJUNCTIVE RELIEF &
     DAMAGES                          20

85.     The aforementioned statutes and regulations prohibit a substantially overbroad scope of First Amendment activities, when compared to the arguably legitimate sweep of the laws.

86.     For instance, an unmanned, noiseless, sign containing truthful information about a particular candidate, or offering the speaker's opinion on the constitutional rights believed to be at stake in an upcoming election, if placed within 25 feet of a ballot drop box, could be considered an attempt to "suggest or persuade" someone to vote a particular way, or "electioneering," or a "practice which interferes with the freedom of voters to exercise their franchise," or some act to "interfere with or impede the voting process," and therefore subject to imprisonment and a fine.

87.     In applying the aforementioned statutes and regulations, it would not be necessary to the government actor's analysis that the activities be "disruptive" in any way; indeed, the law separately prohibits conduct which "disrupts the administration of the voting center." *See* RCW 29A.84.510(1)(a)(iv). As such, any additional restrictions are unnecessary to accomplish this limited, permissible governmental purpose.

88.     The First Amendment to the U.S. Constitution, incorporated against the State of Washington by the Fourteenth Amendment, and the Washington Constitution, protect individuals' right to engage in political speech such as that engaged in by Mrs. Krabach.

89.     Further, the right of free speech and the Fourteenth Amendment require that laws restricting speech be spelled out in terms plain enough for a reasonable citizen in the position of Mrs. Krabach to understand the law and know whether his or her activities amount to a criminal violation. The statutes and regulations at issue here do not do so, and are therefore void-for-vagueness, in addition to representing a due process violation.

90.     Defendants are liable under 42 U.S.C. § 1983 because their conduct, engaged in under color of law, deprived the Plaintiff of her federal constitutional rights, as set forth herein.

COMPLAINT FOR DECLARATORY
RELIEF, INJUNCTIVE RELIEF &
DAMAGES                          21

1

2

**CLAIM 3**
**Fourteenth Amendment Violations of Substantive Due Process & Equal Protection,**
**Pursuant to 42 U.S.C. § 1983, Against All Defendants**

3

4

91.     The Plaintiff hereby re-alleges and incorporates by reference all of the paragraphs and allegations set forth above, as if fully set forth herein.

5

6

7

8

9

92.     The fundamental right of free speech is guaranteed by the First Amendment to the U.S. Constitution, as incorporated to the states by the Fourteenth Amendment, and by the Washington Constitution. Substantive due process recognizes a cause of action for violation of such fundamental rights, and the Fourteenth Amendment also requires that similarly situated individuals receive the equal protection of the law.

10

11

12

13

14

93.     As such, the Equal Protection Clause and the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution, as well as Art. I, Sections 4 and 5 of the Washington State Constitution, prohibit the Defendants from significantly interfering with the Plaintiff's fundamental rights of free speech, and from treating similarly situated groups and speakers differently based on the protected expressive activities in which they are engaged.

15

16

94.     Defendants are liable under 42 U.S.C. § 1983 because their conduct, engaged in under color of law, deprived the Plaintiff of her federal constitutional rights, as set forth herein.

17

18

19

**CLAIM 4**
**First Amendment Violation for Removal of Signs,**
**Pursuant to 42 U.S.C. § 1983, Against Dir. Wise and King County (As-Applied Challenge)**

20

21

95.     The Plaintiff hereby re-alleges and incorporates by reference all of the paragraphs and allegations set forth above, as if fully set forth herein.

22

23

24

COMPLAINT FOR DECLARATORY
RELIEF, INJUNCTIVE RELIEF &
DAMAGES                                    22

96.     This Claim 4 alleges a First Amendment free speech violation for King County's, KCE's, and the Director's removal of Plaintiff's signs from the areas around ballot drop boxes in King County, which was personally ordered by Director Wise and carried out pursuant to her instructions.

97.     The First Amendment to the U.S. Constitution, incorporated against the State of Washington by the Fourteenth Amendment, and the Washington Constitution, protect individuals' right to engage in political speech such as that engaged in by Ms. Krabach. Further, the right of free speech forbids government actors from favoring one viewpoint over other viewpoints.

98.     Defendants are liable under 42 U.S.C. § 1983 because their conduct, engaged in under color of law, deprived the Plaintiff of her federal constitutional rights.

99.     Director Wise is personally liable under 42 U.S.C. § 1983 because her individual involvement in ordering the removal of Plaintiff's signs and referring her for criminal prosecution, engaged in under color of law, deprived the Plaintiff of her clearly established federal constitutional rights, and because no reasonable official in Director Wise's shoes could have believed that her conduct was lawful.

100.    Plaintiff has been damaged by KCE's and/or Director Wise's unlawfully silencing and chilling her speech, in an amount to be determined at trial, including, but not limited to, the cost to print the ballot drop box signs, mental anguish and emotional distress as the result of being the subject of a criminal investigation, and as the result of being silenced in her protected, political speech, and other damages for injuries to her First Amendment rights, as set forth herein.

**CLAIM 5**
**Fourteenth Amendment Violation of Due Process & Equal Protection,**
**Pursuant to 42 U.S.C. § 1983, Against Dir. Wise & King County**

101.    The Plaintiff hereby re-alleges and incorporates by reference all of the paragraphs and allegations set forth above, as if fully set forth herein.

102.    This Claim 5 alleges a Fourteenth Amendment due process violation (substantive and procedural) and equal protection violation, for King County's, KCE's, and the Director's removal of Plaintiff's signs from the areas around ballot drop boxes in King County, which was personally ordered by Director Wise, without notice to the Plaintiff, a hearing, or any other opportunity to challenge the propriety of the removal.

103.    The Fourteenth Amendment to the U.S. Constitution provides that no individual shall be deprived of life, liberty, or property, without due process of law, but here the Plaintiff has been afforded *no* process, either prior to or following the deprivation of Plaintiff's state and federal constitutional rights to her liberty and property, on the lawfulness of her ballot drop box signs.

104.    Defendants are liable under 42 U.S.C. § 1983 because their conduct, engaged in under color of law, deprived the Plaintiff of her federal constitutional rights.

105.    Director Wise is personally liable under 42 U.S.C. § 1983 because her individual involvement in ordering the removal of Plaintiff's signs, engaged in under color of law, deprived the Plaintiff of her clearly established federal constitutional rights, and because no reasonable official in Director Wise's shoes could have believed that her conduct was lawful.

**CLAIM 6**
**Declaratory & Injunctive Relief Pursuant to**
**28 U.S.C. §§ 2201 & 2202, Against All Defendants**

106.    The Plaintiff hereby re-alleges and incorporates by reference all of the paragraphs and allegations set forth above, as if fully set forth herein.

COMPLAINT FOR DECLARATORY
RELIEF, INJUNCTIVE RELIEF &
DAMAGES                                    24

1    107.    Based upon the foregoing allegations, there is presently existing between the parties

2    hereto an actual, substantial, ongoing controversy that requires the Court's intervention. This

3    request for a declaratory judgment is not seeking an advisory opinion from the Court.

4    108.    28 U.S.C. § 2201 provides, in relevant part, that

5    In a case of actual controversy within its jurisdiction … any court of the United
     States, upon the filing of an appropriate pleading, may declare the rights and other
6    legal relations of any interested party seeking such declaration, whether or not
     further relief is or could be sought. Any such declaration shall have the force and
7    effect of a final judgment or decree and shall be reviewable as such.

8    28 U.S.C. § 2201(a).

9    109.    All of the parties necessary to resolve the present controversies are presently before

10   the Court, and subject to its jurisdiction.

11   110.    A declaratory judgment as requested below would resolve all controversies

12   between the parties hereto.

13   111.    Furthermore, 28 U.S.C. § 2202 provides that "[f]urther necessary or proper relief

14   based on a declaratory judgment or decree may be granted, after reasonable notice and hearing,

15   against any party whose rights have been determined by such judgment."

16   112.    Plaintiff has no adequate remedy at law to compensate for the loss of her

17   fundamental federal and state constitutional rights, and will suffer irreparable injury absent an

18   injunction against the Defendants as requested herein.

19   113.    Time is of the essence with respect to Plaintiff's ability to exercise her First

20   Amendment freedoms and engage in core political speech during the 2022 election season in

21   Washington, which will come to a close in November, 2022.

22

23

24
     COMPLAINT FOR DECLARATORY
     RELIEF, INJUNCTIVE RELIEF &
     DAMAGES                    25

114.    The harms alleged herein are ongoing and continuing in nature, as the State of Washington, the Secretary, the County, KCE, and Director Wise continue to maintain and rely upon a legislative and/or administrative policy that violates the Plaintiff's state and federal constitutional rights, and that otherwise prevents the Plaintiff from exercising her right of free speech during the 2022 election.

115.    The public interest favors the entry of injunctive relief, as do the equities in this case, in order to protect the Plaintiff's right to free speech, representing political speech entitled to the highest constitutional protections, and to maintain an open forum for robust public debate and discussion, on matters of public concern.

116.    Among the various matters comprising the parties' dispute are:

      a.    Whether the Defendants' maintenance and/or implementation of RCW 29A.84.510(1)(a), RCW 29A.84.520, and/or W.A.C. 434-250-100(6), on their face, violate the Plaintiff's right to free speech, as secured by the First Amendment to the United States Constitution and/or the Washington Constitution;

      b.    Whether the Defendants' maintenance and/or implementation of RCW 29A.84.510(1)(a), RCW 29A.84.520, and/or W.A.C. 434-250-100(6), as applied to Plaintiff's activities, violate the Plaintiff's right to free speech, as secured by the First Amendment to the United States Constitution and/or the Washington Constitution;

      c.    Whether the Defendants' maintenance and/or implementation of RCW 29A.84.510(1)(a), RCW 29A.84.520, and/or W.A.C. 434-250-100(6), are overbroad and/or void-for-vagueness, and therefore constitute a violation of

the Plaintiff's right to free speech, as secured by the First Amendment to the United States Constitution and/or the Washington Constitution;

d.   Whether the Defendants' maintenance and/or implementation of RCW 29A.84.510(1)(a), RCW 29A.84.520, and/or W.A.C. 434-250-100(6), constitute a violation of the Plaintiff's right to substantive due process, as secured by the Fourteenth Amendment to the United States Constitution and/or the Washington Constitution;

e.   Whether King County's, KCE's, and Director Wise's removal of Plaintiff's drop box signs violates the Plaintiff's right to free speech, as secured by the First Amendment to the United States Constitution and/or the Washington Constitution;

f.   Whether King County's, KCE's, and Director Wise's removal of Plaintiff's drop box signs violates the Plaintiff's right to procedural due process, as secured by the Fourteenth Amendment to the United States Constitution and/or the Washington Constitution;

g.   Whether King County's, KCE's, and Director Wise's, removal of Plaintiff's drop box signs violates the Plaintiff's right to substantive due process, as secured by the Fourteenth Amendment to the United States Constitution and/or the Washington Constitution; and

h.   Whether King County's, KCE's, and Director Wise's removal of Plaintiff's drop box signs violates the Plaintiff's right to equal protection, as secured by the Fourteenth Amendment to the United States Constitution and/or the Washington Constitution.

COMPLAINT FOR DECLARATORY
RELIEF, INJUNCTIVE RELIEF &
DAMAGES                27

1

**VI.    RELIEF REQUESTED.**

2          **WHEREFORE**, having set forth the claims for relief above, the Plaintiff, AMBER

3     KRABACH, respectfully prays for relief as follows:

4          1.   That the Court declare that the Defendants' maintenance and/or implementation of RCW

5                29A.84.510(1)(a), RCW 29A.84.520, and/or W.A.C. 434-250-100(6), on their face,

6                constitute a violation of the Plaintiff's right to free speech, as secured by the First

7                Amendment to the United States Constitution and/or the Washington Constitution;

8          2.   That the Court declare that the Defendants' maintenance and/or implementation of RCW

9                29A.84.510(1)(a), RCW 29A.84.520, and/or W.A.C. 434-250-100(6), as applied to

10               Plaintiff's activities, constitute a violation of the Plaintiff's right to free speech, as secured

11               by the First Amendment to the United States Constitution and/or the Washington

12               Constitution;

13         3.   That the Court declare that the Defendants' maintenance and/or implementation of RCW

14               29A.84.510(1)(a), RCW 29A.84.520, and/or W.A.C. 434-250-100(6), are overbroad

15               and/or void-for-vagueness, and therefore constitute a violation of the Plaintiff's right to

16               free speech, as secured by the First Amendment to the United States Constitution and/or

17               the Washington Constitution;

18         4.   That the Court declare that the Defendants' maintenance and/or implementation of RCW

19               29A.84.510(1)(a), RCW 29A.84.520, and/or W.A.C. 434-250-100(6), constitute a

20               violation of the Plaintiff's right to substantive due process, as secured by the Fourteenth

21               Amendment to the United States Constitution and/or the Washington Constitution;

22

23

24

COMPLAINT FOR DECLARATORY
RELIEF, INJUNCTIVE RELIEF &
DAMAGES                              28

5. That the Court declare that King County's, KCE's, and Director Wise's removal of Plaintiff's drop box signs constitutes a violation of the Plaintiff's right to free speech, as secured by the First Amendment to the United States Constitution and/or the Washington Constitution;

6. That the Court declare that King County's, KCE's, and Director Wise's removal of Plaintiff's drop box signs constitutes a violation of the Plaintiff's right to procedural due process, as secured by the Fourteenth Amendment to the United States Constitution and/or the Washington Constitution;

7. That the Court declare that King County's, KCE's, and Director Wise's removal of Plaintiff's drop box signs constitutes a violation of the Plaintiff's right to substantive due process, as secured by the Fourteenth Amendment to the United States Constitution and/or the Washington Constitution;

8. That the Court declare that King County's, KCE's, and Director Wise's removal of Plaintiff's drop box signs constitutes a violation of the Plaintiff's right to equal protection, as secured by the Fourteenth Amendment to the United States Constitution and/or the Washington Constitution;

9. That the Court order injunctive relief: (i) requiring the Defendants to allow the Plaintiff to conduct lawful, protected First Amendment activities in public forums near or in connection with election ballot drop boxes, and preventing Defendants from interfering with same, including, but not limited to by removing signs containing Plaintiff's speech, making statements intended to chill Plaintiff's First Amendment activities and/or otherwise discriminating against the Plaintiff's First Amendment activities, *vis-à-vis* similarly-situated speakers; (ii) prohibiting the Defendants from enforcement of RCW

29A.84.510(1)(a), RCW 29A.84.520, and/or W.A.C. 434-250-100(6), with respect to the Plaintiff's First Amendment activities; and (iii) prohibiting the Defendants from maintaining and/or implementing RCW 29A.84.510(1)(a), RCW 29A.84.520 and/or W.A.C. 434-250-100(6), in any capacity, as those provisions are facially overbroad, and/or void-for-vagueness;

10. That judgment for compensatory damages be entered against the individual-capacity Defendant, Director Julie Wise, in an amount to be determined at trial;

11. That judgment for compensatory damages be entered against the Defendant, King County, in an amount to be determined at trial;

12. That the Court order payment of reasonable attorneys' fees and costs to the Plaintiff, AMBER KRABACH, in accordance with applicable law, including, but not limited to 42 U.S.C. § 1988; and

13. That the Court order such other relief as is deemed equitable and just.

## **JURY TRIAL DEMAND**

The Plaintiff, AMBER KRABACH, by and through undersigned counsel and pursuant to Fed.R.Civ.P. 38(b), hereby demands a trial by jury, with respect to all claims so triable, as of right.

RESPECTFULLY SUBMITTED on September 7, 2022.

By: _____
Robert A. Bouvatte, Jr., Esq.
ROBERT A. BOUVATTE, PLLC
P.O. Box 14185
Tumwater, WA 98511
PH: (904) 505-3175
bob@rbouvattepllc.com
rbouvattelaw@gmail.com

*Counsel for Plaintiff, Amber Krabach*

COMPLAINT FOR DECLARATORY
RELIEF, INJUNCTIVE RELIEF &
DAMAGES                              30