The Honorable Barbara J. Rothstein
United States District Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMBER KRABACH, an individual,<br><br>Plaintiffs,<br>v.<br><br>KING COUNTY, a local governmental entity, JULIE WISE, in her individual capacity, and in her official capacity as Director of King County Elections; STEVE HOBBS, in his official capacity as Secretary of State of the State of Washington; and JAY INSLEE, in his official capacity as Governor of the State of Washington,<br><br>Defendants. | No. 2:22-cv-01252-BJR<br><br>ANSWER OF DEFENDANTS KING COUNTY AND JULIE WISE, DIRECTOR OF KING COUNTY ELECTIONS, TO COMPLAINT AND COUNTERCLAIMS |

COMES NOW Defendants King County and Julie Wise, Director of King County Elections (hereafter King County Defendants), to answer Plaintiff's Complaint for Declaratory Relief, Injunctive Relief and Damages ("Complaint"). In answer to Plaintiff's Complaint, King County Defendants admit, deny, and allege as set forth below. Each allegation contained in Plaintiff's Complaint not expressly admitted in full below is denied. The paragraph numbers below correspond to the paragraph numbers in Plaintiff's Complaint.

//

//



**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 477-1261 Fax (206) 296-0191

## I. INTRODUCTION

1. In answering paragraph 1 of Plaintiff's Complaint, King County Defendants make no response as the allegations do not appear to contain allegations requiring an answer, but to the extent any further response is necessary, the allegations in paragraph 1 of the Complaint are denied.

2. In answering paragraph 2 of Plaintiff's Complaint, King County Defendants make no response as the allegations do not appear to contain allegations requiring an answer, but to the extent any further response is necessary, the allegations in paragraph 2 of the Complaint are denied.

## II. PARTIES

3. In answering paragraph 3 of Plaintiff's Complaint, King County Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations contained therein and, therefore, deny the same.

4. In answering paragraph 4 of Plaintiff's Complaint, King County Defendants admit only that King County is a home rule charter county and a political subdivision of the State of Washington. King County Elections ("KCE") and the King County Sheriff's Offices are departments within King County. All other allegations are denied.

5. In answering paragraph 5 of Plaintiffs' Complaint, King County Defendants admit only that Julie Wise is the elected Director of King County Elections and performs the duties of her office per statute, charter and ordinance. All other allegations are denied.

6. In answering paragraph 6 of Plaintiffs' Complaint, King County Defendants admit only that Julie Wise is the elected Director of King County Elections and performs the duties of her office per statute, charter and ordinance. All other allegations are denied.



**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 477-1261 Fax (206) 296-0191

7. In answering paragraph 7 of Plaintiff's Complaint, King County Defendants make no response to these allegations as they pertain to another defendant.

8. In answering paragraph 8 of Plaintiff's Complaint, King County Defendants makes no response to these allegations as they pertain to another defendant.

## III. JURISDICTION AND VENUE

9. In answering paragraph 9 of Plaintiff's Complaint, King County Defendants leave the matters of jurisdiction and venue to the Court.

10. In answering paragraph 10 of Plaintiff's Complaint, King County Defendants make no response as the allegations appear to contain only legal conclusions for which no response is required. To the extent they may be deemed allegations of fact, King County Defendants deny the allegations of paragraph 10.

## IV. STATEMENT OF FACTS

***Mrs. Krabach's Political Activities Generally***

11. In answering paragraph 11 of Plaintiff's Complaint, King County Defendant are without sufficient information to determine the truth or falsity of the allegations contained therein and, therefore, deny the same.

12. In answering paragraph 21 of Plaintiff's Complaint, King County Defendants are without sufficient information to determine the truth or falsity of the allegations contained therein and, therefore, deny the same.

13. In answering paragraph 13 of Plaintiff's Complaint, King County Defendants admit.

14. In answering paragraph 14 of Plaintiff's Complaint, King County Defendants admit only that Washington state residents voted in the statewide primary on August 2, 2022, that Plaintiff was a candidate for Washington Legislative District No. 45 Representative Position 2



**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 477-1261 Fax (206) 296-0191

and received approximately 7% of the vote and failed to advance to the general election. King County Defendant are without sufficient information to determine the truth or falsity of the remaining allegations contained therein and, therefore, deny the same.

15. In answering paragraph 15 of Plaintiff's Complaint, King County Defendant are without sufficient information to determine the truth or falsity of the allegations contained therein and, therefore, deny the same.

16. In answering paragraph 16 of Plaintiff's Complaint, King County Defendants make no response as the allegations appear to contain only legal conclusions for which no response is required. However, to the extent factual allegations are intended or legal conclusions contrary to applicable law are alleged, they are hereby denied.

***Washington's Laws Concerning Ballot Drop Boxes***

17. In answering paragraph 17 of Plaintiff's Complaint, King County Defendants admit.

18. In answering paragraph 18 of Plaintiff's Complaint, King County Defendants admit only that Washington state allows for voters to have their ballots deposited in ballot drop boxes by others. The remaining allegations in paragraph 18 are denied.

19. In answering paragraph 19 of Plaintiff's Complaint, King County Defendants admit only that a number of measures are taken by state and county governments to ensure the security of the ballot drop boxes, but denies the remaining allegations in the paragraph.

20. In answering paragraph 20 of Plaintiff's Complaint, King County Defendants admit only that cameras placed for security purposes unrelated to elections may capture some areas proximate to some ballot drop boxes, but denies the remaining allegations in the paragraph and footnote 3.



**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 477-1261 Fax (206) 296-0191

21. In answering paragraph 21 of Plaintiff's Complaint, King County Defendants admit election observers from both political parties are requested to be on site as ballots are processed for every election. . RCW 29A.84.510(5) speaks for itself. King County Defendants are without sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph and, therefore, deny the same.

22. In answering paragraph 22 of Plaintiff's Complaint, King County Defendants admit only that plaintiff has on occasion provided input to KCE, but are without sufficient information to form a belief as to the truth or falsity of the remaining allegations contained therein and, therefore, deny the same.

***Mrs. Krabach's Ballot Drop Box Signs***

23. In answering paragraph 23 of Plaintiff's Complaint, King County Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations contained therein and, therefore, deny the same.

24. In answering paragraph 24 of Plaintiff's Complaint, King County Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations contained therein and, therefore, deny the same.

25. In answering paragraph 25 of Plaintiff's Complaint, King County Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations contained therein and, therefore, deny the same.

26. In answering paragraph 26 of Plaintiff's Complaint, King County Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations contained therein and, therefore, deny the same.



**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 477-1261 Fax (206) 296-0191

27. In answering paragraph 27 of Plaintiff's Complaint, King County Defendants make no response as the allegations appear to contain only legal conclusions for which no response is required. However, to the extent factual allegations are intended or legal conclusions contrary to applicable law are alleged, they are hereby denied.

.

***The Government's Response to Mrs. Krabach's Political Speech***

28. In answering paragraph 28 of Plaintiff's Complaint, King County Defendants deny.

29. In answering paragraph 29 of Plaintiff's Complaint, King County Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations contained therein and, therefore, deny the same.

30. In answering paragraph 30 of Plaintiff's Complaint, King County Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations contained therein and, therefore, deny the same.

31. In answering paragraph 31 of Plaintiff's Complaint, King County Defendants admit only that some of Plaintiff's signs, which constitute voter intimidation under state and federal law, were ordered removed by Director Wise. Any remaining allegations in this paragraph are denied.

32. In answering paragraph 32 of Plaintiff's Complaint, King County Defendants deny.

33. In answering paragraph 33 of Plaintiff's Complaint, King County Defendants admit only that the language of the press release speaks for itself. Any remaining allegations are denied.



**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 477-1261 Fax (206) 296-0191

34. In answering paragraph 34 of Plaintiff's Complaint, King County Defendants admit only that the language of the press release speaks for itself. Any remaining allegations are denied.

35. In answering paragraph 35 of Plaintiff's Complaint, King County Defendants admit only that Director Wise has made public statements about the signs. King County Defendants are without sufficient information to form a belief as to the truth or falsity of the additional allegations contained therein and, therefore, deny the same.

36. In answering paragraph 36 of Plaintiff's Complaint, King County Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations contained therein and, therefore, deny the same.

37. In answering paragraph 37 of Plaintiff's Complaint, King County Defendants admit only that King County Executive Constantine directed the King County Sheriff's Office to investigate the signs. Any public statements made by Executive Constantine speak for themselves.

38. In answering paragraph 38 of Plaintiff's Complaint, any public statements made by King County Prosecuting Attorney Dan Satterberg speak for themselves.

39. In answering paragraph 39 of Plaintiff's Complaint, King County Defendants deny.

40. In answering paragraph 40 of Plaintiff's Complaint, King County Defendants deny.

41. In answering paragraph 41 of Plaintiff's Complaint, any public statements made by Governor Jay Inslee speak for themselves.

42. In answering paragraph 42 of Plaintiff's Complaint, King County Defendants deny.

43. In answering paragraph 43 of Plaintiff's Complaint, King County Defendants deny.

44. In answering paragraph 44 of Plaintiff's Complaint, King County Defendants deny.



**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 477-1261 Fax (206) 296-0191

45. In answering paragraph 45 of Plaintiff's Complaint, King County Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations contained therein and, therefore, deny the same.

46. In answering paragraph 46 of Plaintiff's Complaint, King County Defendants admit only that plaintiff was contacted by a KCSO Detective as part of his criminal investigation into voter intimidation activities. The remaining allegations of this paragraph are denied.

47. In answering paragraph 47 of Plaintiff's Complaint, King County Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations contained therein and, therefore, deny the same.

48. In answering paragraph 48 of Plaintiff's Complaint, King County defendants admit only that the investigation remains open, albeit currently inactive. The remaining allegations in this paragraph are denied.

49. In answering paragraph 49 of Plaintiff's Complaint, King County Defendants deny.

50. In answering paragraph 50 of Plaintiff's Complaint, King County Defendants deny.

51. In answering paragraph 48 of Plaintiff's Complaint, King County Defendants admit only that they will continue to vigorously ensure the security of elections, including the freedom of voters to exercise their right to deposit ballots in ballot drop boxes without intimidation or threat. Any individual or group violating elections laws by intimidating or threatening voters will be subject to investigation and possible prosecution. All remaining allegations in the paragraph are denied.

52. In answering paragraph 52 of Plaintiff's Complaint, .King County Defendants make no response as the allegations appear to contain only legal conclusions for which no response is



**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 477-1261 Fax (206) 296-0191

required. However, to the extent factual allegations are intended or legal conclusions contrary to applicable law are alleged, they are hereby denied.

53. In answering paragraph 53 of Plaintiff's Complaint, King County Defendants King County Defendants make no response as the allegations appear to contain only legal conclusions for which no response is required. However, to the extent factual allegations are intended or legal conclusions contrary to applicable law are alleged, they are hereby denied.

***Relevant Statutory & Regulatory Provisions***

54. In answering paragraph 54 of Plaintiff's Complaint, RCW 29A.84.510 speaks for itself and King County Defendants make no response as to the additional allegations which appear to contain only legal conclusions for which no response is required. However, to the extent factual allegations are intended or legal conclusions contrary to applicable law are alleged, they are hereby denied..

55. In answering paragraph 55 of Plaintiff's Complaint, RCW 29A.84.520 speaks for itself.

56. In answering paragraph 56 of Plaintiff's Complaint, WAC 44-250-100 speaks for itself and King County Defendants admit that administrative regulations have been promulgated.

57. In answering paragraph 57 of Plaintiff's Complaint, King County Defendants make no response as the allegations appear to contain only legal conclusions for which no response is required. However, to the extent factual allegations are intended or legal conclusions contrary to applicable law are alleged, they are hereby denied.

58. In answering paragraph 58 of Plaintiff's Complaint, King County Defendants deny. Plaintiff fails to discuss the relevant statutory law.



**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 477-1261 Fax (206) 296-0191

59. In answering paragraph 59 of Plaintiff's Complaint, King County Defendants make no response as the allegations appear to contain only legal conclusions for which no response is required. However, to the extent factual allegations are intended or legal conclusions contrary to applicable law are alleged, they are hereby denied.

60. In answering paragraph 60 of Plaintiff's Complaint, King County Defendants make no response as the allegations appear to contain only legal conclusions for which no response is required. However, to the extent factual allegations are intended or legal conclusions contrary to applicable law are alleged, they are hereby denied.

61. In answering paragraph 61 of Plaintiff's Complaint, King County Defendants make no response as the allegations appear to contain only legal conclusions for which no response is required. However, to the extent factual allegations are intended or legal conclusions contrary to applicable law are alleged, they are hereby denied.

62. In answering paragraph 62 of Plaintiff's Complaint, King County Defendants make no response as the allegations appear to contain only legal conclusions for which no response is required. However, to the extent factual allegations are intended or legal conclusions contrary to applicable law are alleged, they are hereby denied.

63. In answering paragraph 63 of Plaintiff's Complaint, King County Defendants make no response as the allegations appear to contain only legal conclusions for which no response is required. However, to the extent factual allegations are intended or legal conclusions contrary to applicable law are alleged, they are hereby denied.

64. In answering paragraph 64 of Plaintiff's Complaint, King County Defendants make no response as the allegations appear to contain only legal conclusions for which no response is



**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 477-1261 Fax (206) 296-0191

required. However, to the extent factual allegations are intended or legal conclusions contrary to applicable law are alleged, they are hereby denied.

***Mrs. Krabach's Standing to Seek Relief***

65. In answering paragraph 65 of Plaintiff's Complaint, King County Defendants admit only that .they will continue to vigorously ensure the security of elections, including the freedom of voters to exercise their right to deposit ballots in ballot drop boxes without intimidation or threat. Any individual or group violating elections laws by intimidating or threatening voters will be subject to investigation and possible prosecution. Plaintiffs concerns about RCW 29A.84.510 and associated regulations are inapposite.

66. In answering paragraph 66 of Plaintiff's Complaint, King County Defendants admit only that the investigation remains open, albeit inactive. The remaining allegations in the paragraph are denied.

67. In answering paragraph 67 of Plaintiff's Complaint, King County Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations contained therein and, therefore, deny the same.

68. In answering paragraph 68 of Plaintiff's Complaint, King County Defendants deny.

69. In answering paragraph 69 of Plaintiff's Complaint, King County Defendants make no response as the allegations appear to contain only legal conclusions for which no response is required. However, to the extent factual allegations are intended or legal conclusions contrary to applicable law are alleged, they are hereby denied. The cited statutes and regulations are inapposite.

70. In answering paragraph 70 of Plaintiff's Complaint, King County Defendants deny.



**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 477-1261 Fax (206) 296-0191

71. In answering paragraph 71 of Plaintiff's Complaint, King County Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations contained therein and, therefore, deny the same.

## IV. CLAIM FOR RELIEF

### CLAIM 1
**First Amendment Violation for Prohibiting Protected Speech, Pursuant to 42 U.S.C. § 1983, Against All Defendants (Facial & As-Applied Challenge)**

72. In answering paragraph 72 of Plaintiff's Complaint, King County Defendants incorporate all responses and denials as set forth in the previous paragraphs.

73-79. Paragraphs 73-79 are denied.

### CLAIM 2
**First Amendment Violation for Overbreadth, Pursuant to 42 U.S.C. § 1983, Against All Defendants (Facial Challenge)**

80. In answering paragraph 80 of Plaintiff's Complaint, King County Defendants incorporate all responses and denials as set forth in the previous paragraphs.

81-90. Paragraphs 81-90 are denied.

### CLAIM 3
**Fourteenth Amendment Violations of Substantive Due Process & Equal Protection, Pursuant to 42 U.S.C. § 1983, Against All Defendants**

91. In answering paragraph 91 of Plaintiff's Complaint, King County Defendants incorporate all responses and denials as set forth in the previous paragraphs.

92-94. Paragraphs 92-94 are denied.

### CLAIM 4
**First Amendment Violation for Removal of Signs, Pursuant to 42 U.S.C. § 1983, Against Dir. Wise and King County (As-Applied Challenge)**

95. In answering paragraph 95 of Plaintiff's Complaint, King County Defendants incorporate all responses and denials as set forth in the previous paragraphs.



**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 477-1261 Fax (206) 296-0191

96-100. Paragraphs 96-100 are denied.

**CLAIM 5**
**Fourteenth Amendment Violation of Due Process & Equal Protection, Pursuant to 42 U.S.C. § 1983, Against Dir. Wise & King County**

101. In answering paragraph 100 of Plaintiff's Complaint, King County Defendants incorporate all responses and denials as set forth in the previous paragraphs.

102-105. Paragraphs 102-105 are denied.

**CLAIM 6**
**Declaratory & Injunctive Relief Pursuant to 28 U.S.C. §§ 2201 & 2202, Against All Defendant**

106. In answering paragraph 106 of Plaintiff's Complaint, King County Defendants incorporate all responses and denials as set forth in the previous paragraphs.

107-115. Paragraphs 107-115 are denied.

116. Paragraph 116 a-h is denied.

## IV. RELIEF REQUESTED

1-13. King County Defendants deny that Plaintiff is entitled to any of the relief sought in her Complaint. King County Defendants further deny that Plaintiff has any valid claim for relief or that she is entitled to any of the relief sought by her in any portion of her Complaint. To the extent factual allegations are intended and/or legal conclusions contrary to applicable law are alleged, they are hereby denied.

BY WAY OF FURTHER ANSWER and AFFIRMATIVE DEFENSES, and without admitting anything previously denied, King County Defendants state as follows:

1. Plaintiffs have failed to state a claim upon which relief may be granted.
2. Plaintiff's claims in the action are barred in that she does not have standing to bring them.



**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 477-1261 Fax (206) 296-0191

3. Plaintiff's claims are not ripe.

4. The Complaint, and each cause of action therein, is improper as Plaintiffs have an adequate remedy of law.

5. To the extent that King County Defendants have undertaken conduct with regard to subjects and events underlying Plaintiff's Complaint, such conduct was, at all times material thereto, undertaken in good faith and in reasonable reliance on existing law.

6. King County Defendants have immunity.

7. King County Defendants have not knowingly or intentionally waived any applicable affirmative defense. King County Defendants reserve the right to assert and rely upon other defenses as may become available to apparent during discovery proceedings or as may be raised or asserted by others in this case, and to amend the Answer and/or affirmative defenses accordingly

8. King County is not liable for pre-judgment interest because the State of Washington of which King County is a political subdivision, has not consented to pre-judgment interest. RCW 4.56.115.

9. King County Defendants reserve the right to amend this answer and these affirmative defenses, if and when additional facts are discovered which support such amendments.

WHEREFORE, King County Defendants pray as follows:

That Plaintiffs takes nothing by their Complaint, that their Complaint be dismissed with prejudice and that King County Defendants be awarded their costs and reasonable attorneys' fees incurred herein.



**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 477-1261 Fax (206) 296-0191

## COUNTERCLAIMS BY DIRECTOR JULIE WISE AND KING COUNTY

### I. PARTIES

1. Counter-Plaintiff Julie Wise is the elected King County Director of Elections and an individual who resides in the Western District of Washington.
2. Counter-Plaintiff King County is a home rule charter county and municipal corporation located in the Western District of Washington.
3. Counter-Defendant Amber Krabach resides in King County.

### II. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because this case arises under Section 11(b) of the Voting Rights Act ("VRA") of 1965, 52 U.S.C. § 10307(b) and Section 2 of the Ku Klux Klan Act of 1871, 42 U.S.C. §1985(3).
5. This Court has supplemental jurisdiction under 28 U.S.C. §1367(a) over state law counter claims raised by Director Wise and King County ("Counter plaintiffs").
6. Venue is proper under 28 U.S.C. § 1391(b) because the events giving rise to these counterclaims occurred in this judicial district.

### III. FACTS

7. Washington State is a "vote by mail" jurisdiction where voters have the option of casting their ballots in ballot drop boxes operated by King County Elections ("KCE"), or depositing their ballots in the U.S. Mail. Approximately one half of registered voters who cast a ballot use ballot drop boxes.
8. Vote by mail has proven to be a secure and robust system of voting that encourages higher voter turnout by removing barriers to voting.



**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 477-1261 Fax (206) 296-0191

9. When a ballot is placed in a ballot drop box, it is collected by elections workers for transport to the elections office. Following verification of the voter's signature on the exterior envelop, the ballot is separated from the envelop and the ballot is tabulated.

10. KCE recently operated a primary election where the final day of voting was August 2, 2022. In Washington's vote by mail system, ballots are mailed to registered voters several weeks prior to the election. After completing a ballot, a voter may deposit their ballot in a ballot drop box any time before 8:00 p.m. on election night.

11. For the August 2, 2022 primary, ballots were mailed to voters on July 13, 2022. Ballot drop boxes were opened to accept ballots starting on July 14, 2022.

12. During the period between July 14, 2022 and August 2, 2022, voters would be expected to regularly approach ballot drop boxes to deposit their ballots, and/or ballots belonging to others.

13. Washington has no laws precluding a person from depositing ballots belonging to other voters in the U.S. mail or in a ballot drop box. Once a person fills out their ballot, they are instructed to place their ballot in a security jacket and seal the ballot in a provided envelope. The voter must sign the exterior of the envelope to certify their vote. It is entirely legal for anyone to deposit this completed ballot in a ballot drop box, or to deposit a number of completed ballots in the ballot drop box. There is no prohibition in Washington against accepting compensation from another for depositing a valid completed ballot in a ballot drop box.

14. As Counter-Defendant Krabach admits in her complaint at ¶ 23, she arranged to print the following sign prior to the August 2, 2022 primary:



**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 477-1261 Fax (206) 296-0191




15. In determining the content of these signs, she consulted with her husband, some friends and a number of colleagues on her "election integrity" committee. Counter-Defendant Krabach is not a lawyer, nor did she consult a lawyer to verify the representations made on the sign. Instead, she searched the internet and picked out some statutes that she personally felt were relevant to the claims on her sign.

16. Ms. Krabach spent $1,343.22 for 100 signs. She picked them up on July 12, 2022.

17. Beginning July 15, 2022, Ms. Krabach began distributing her signs at ballot drop boxes around King County. To accomplish this purpose, she enlisted the help of others through an internet-based form called Sign Up Genius. Through this process, she encouraged other people to volunteer to take her signs and place them near ballot drop boxes throughout the county. Her signup sheet was organized so that each individual volunteer would be assigned a particular ballot drop box where they would be responsible for posting the sign in proximity to the ballot drop box and periodically monitoring the ballot



**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 477-1261 Fax (206) 296-0191

drop box. In locations around King County, Ms. Krabach and her co-conspirators placed signs within sight of ballot drop boxes so that they could be seen by voters attempting to deposit ballots.

18. Several days after acquiring the signs, Ms. Krabach and her co-conspirators started posting the signs near ballot drop boxes. In the late evening of Friday, July 15, 2022, Director Wise was informed by multiple persons regarding the presence of the signs near ballot drop boxes and concerns with how the signs might impact voters.

19. The next day, Director Wise asked her ballot drop box manager at KCE to have his crews watch for signs as they serviced the boxes and report to her. She also discussed the matter with King County GOP Chair Mathew Patrick Thomas, who agreed that the signs were inappropriate and indicated he would ask anyone responsible for the signs to stop posting them.

20. When Director Wise returned to work on Monday, July 18, 2022, there were multiple media inquiries about the signs and their impact on potential voters. As an elections official, Director Wise and others at KCE were concerned that the placement of signs near ballot drop boxes, the verbiage of those signs, and the fact of an active election would operate to intimidate voters.

21. The language of the signs, telling voters in large red letters that they are "under surveillance" while performing the constitutionally protected act of voting could reasonably be expected to make voters wary of approaching a ballot drop box. The threat of surveillance would be particularly alarming for voters from BIPOC, LGBTQ+, and recent immigrant communities, as well as individuals who had experienced crimes like domestic violence and stalking. The signs state that the ballot drop boxes are "under



**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 477-1261 Fax (206) 296-0191

surveillance" even though Ms. Krabach knew that actual surveillance would be periodic and uncertain.

22. The surveillance threat was exacerbated when with the sign's confusing and inaccurate representation that "Accepting compensation for harvesting or depositing ballots may be a violation of Federal law" – citing "52 U.S. Code §20511" and "18 U.S. Code § 594." Ms. Krabach's decision to include this claim on her sign further intimidated voters and sought to impede voting by suggesting that lawful acts associated with voting could subject a voter to federal criminal liability. The claim that "depositing ballots" for compensation violates federal law is entirely false. There is no legal meaning to "harvesting" ballots, which further subjects voters to a fear of prosecution for some uncertain "harvesting" behavior otherwise related to the lawful act of depositing ballots. The statutes cited on the sign to bolster the false claim of violating federal law have nothing to do with depositing ballots for compensation, nor do they mention "harvesting." However, these statutes do establish the federal crime of voter intimidation, which should have placed Ms. Krabach on direct notice that her sign and her actions in placing, or arranging placement, proximate to ballot drop boxes during an election did indeed violated federal law.

23. Ms. Krabach's design to deter, discourage and intimidate voters and interfere with the act of voting is further enforced by the last clause of the sign. After telling voters that they are "under surveillance" and that legal acts somehow violate federal laws, the sign provides a mechanism – again in red letters -- to "report suspicious activity here," followed by a QR code. The sign's reference to "suspicious activity" further compounds the claim in the sign's second clause that certain undefined actions associated with the



**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 477-1261 Fax (206) 296-0191

constitutionally protected activity of voting that some unknown authority deems "suspicious" might somehow violate federal law. The "report suspicious activity" admonition invokes slogans associated with authoritarian regimes like the former Soviet Union where the activities of voters were strictly controlled and "being reported" by a fellow citizen raised grave concerns.

24. The QR code on the sign linked to a form on the website of the King County GOP, which sought details about the "incident" including the ability to upload files such as photographs and videos. It also provided links to learn about Republican electoral causes and contribute to partisan campaign funds.

25. Ms. Krabach acknowledges that she sought to discourage or deter people from using ballot drop boxes for activities she claimed were illegal, including depositing multiple ballots in a ballot drop box or accepting compensation for depositing ballots in ballot drop boxes. She otherwise knew, or kept herself willfully ignorant, or deliberately indifferent on how her threats of surveillance, vague, confusing and inaccurate accusations of criminal misconduct, and the promise of reporting "suspicious activity" during an active election would operate to intimidate voters and dissuade them from depositing ballots at official ballot drop boxes.

26. In releasing her signs for distribution, Ms. Krabach told her followers via the Telegram social media messaging service that: "Dropbox surveillance signs are ready, friends! I'd love to get them up at all of our King County boxes this weekend! Please click the SignUp Genius link [below] to let me know you want one and use the comment box to tell me when you'll come by to pick it up!" She exhorted them, "Let's put the FEAR OF GOD in some ballot-trafficking mules! 🇺🇸 "



**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 477-1261 Fax (206) 296-0191

27. After consulting with civil counsel from the King County Prosecuting Attorney's Office and discussing the matter with other elections officials, Director Wise determined that the signs constituted illegal voter intimidation under state and federal law. In order to prevent these acts of voter intimidation, she directed her staff to document the signs and remove them. Although many signs had already been removed by the public, the remaining signs were removed by KCE employees.

28. Director Wise also directed her staff to provide information to the King County Sheriff's Office which was investigating voter intimidation issues raised by the signs and their placement proximate to ballot boxes during an election. The King County Sheriff opened an investigation and assigned a detective. The Federal Bureau of Investigation (FBI) is also looking into the matter.

29. Director Wise's concerns about voter intimidation were confirmed by numerous citizen complaints of voter intimidation that were communicated with KCE by email and phone. One voter noted by email that he saw the sign after depositing his ballot at the Broadview Library ballot drop box and "thought in some way I was in trouble or being surveilled for casting my ballot there." He indicated that he "most likely [would] not use the ballot box at Broadview library in the future." Another voter similarly wrote that he considered the signs "intimidating." Even a voter who indicated that she was well educated about election laws, including the fact that it was not illegal to deposit other person's ballots, indicated that the signs made her "feel a bit intimidated." She noted that the sign had the "air of being official" even though it was not official.

30. Through the actions of KCE, the remaining signs were removed by no later than July 20, 2022. King County, through KCE, incurred additional expenses in removing Ms.



**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 477-1261 Fax (206) 296-0191

Krabach's illegal voter intimidation signs.

31. Ms. Krabach indicates that she will continue to post her voter intimidation signs proximate to ballot drop boxes during active elections once KCSO concludes its investigation if she is not prosecuted for a violation of Washington voter intimidation laws.

## IV. COUNTER CAUSE OF ACTION: VIOLATION OF SECTION 11(B) OF THE VOTING RIGHTS ACT OF 1965, 52 U.S.C. § 10307(b)

32. Counter-Plaintiffs incorporate by reference the preceding paragraphs 1-31 as if fully set forth herein.

33. Section 11(b) of the Voting Rights Act provides in relevant part: "No person, whether acting under color of law or otherwise, shall intimidate, threaten, or coerce, or attempt to intimidate, threaten, or coerce any person for voting or attempting to vote, or intimidate, threaten, or coerce, or attempt to intimidate, threaten, or coerce any person for urging or aiding any person to vote or attempt to vote" in an election. 52 U.S.C. § 10307(b) (formerly codified at 42 U.S.C. § 1973i(b)).

34. Counter-Defendant Krabach's conduct of posting her voter intimidation signs proximate to ballot drop boxes during an active primary election for federal and state candidates violates Section 11(b) of the Voting Rights Act.

35. Unless and until enjoined by this Court, Ms. Krabach will continue to intimidate, threaten, and/or coerce, or attempt to intimidate, threaten, and/or coerce, lawfully registered voters from casting ballots at ballot drop boxes.

## IV. COUNTER CAUSE OF ACTION: VIOLATION OF SECTION 3 OF THE KU KLUX KLAN ACT OF 1871

36. Counter-Plaintiffs incorporate by reference the preceding paragraphs 1-35 as if fully set



**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 477-1261 Fax (206) 296-0191

forth herein.

37. Counter-Plaintiffs bring a claim under 42 U.S.C. § 1985(3), which provides that:

> If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; <u>if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States</u>; or to injure any citizen in person or property on account of such support or advocacy;<u> in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators</u>.

42 U.S.C. § 1985(3) (emphasis added).

38. Counter-Defendant Krabach has violated 42 U.S.C. § 1985(3) by conspiring with others to post her voter intimidation signs proximate to ballot drop boxes during an active primary election for federal and state candidates that includes candidates for congressional office with the purpose of intimidating voters and dissuading them from exercising their right to vote.

39. Each sign that was placed proximate to a ballot drop box was in furtherance of the object of Ms. Krabach's Section 1985(3) conspiracy.

## PRAYER FOR RELIEF

**WHEREFORE,** Counter-Plaintiffs respectfully request judgment be entered in their favor and against Counter-defendant Krabach as follows:

a) Declaring Ms. Krabach's actions as described above violate Section 11(b) of the Voting



**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 477-1261 Fax (206) 296-0191

Rights Act, 52 U.S.C. § 10307(b);

b) Declaring that Ms. Krabach's actions as described above, in concert with numerous other individuals, violate the Ku Klux Klan Act, 42 U.S.C. § 1985(3),;

c) Entering a permanent injunction enjoining Ms. Krabach from engaging in or undertaking in any of the challenged actions or conduct set forth in this Counter Complaint;

e) Awarding compensatory damages;

f) Awarding reasonable attorneys' fees and costs; and

g) Awarding such other and further relief that the Court deems reasonable and just.

DATED this day 30th day of September, 2022.

DANIEL T. SATTERBERG
King County Prosecuting Attorney

By: *s/David J. Hackett*
DAVID J. HACKETT, WSBA #21236
ANN M. SUMMERS, WSBA #21509

Senior Deputy Prosecuting Attorneys
Attorneys for King County Defendants
1191 Second Avenue, Suite 1700
Seattle, WA 98101
Phone: (206) 296-0430/Fax: (206) 296-0191
david.hackett@kingcounty.gov
ann.summers@kingcounty.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on September 30, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF E-filing system which will send notification of such filing to the following:

Robert A. Bouvatte, Jr., Esq.
ROBERT A. BOUVATTE, PLLC
P.O. Box 14185
Tumwater, WA 98511
bob@rbouvattepllc.com
rbouvattelaw@gmail.com
***Attorney for Plaintiff***

Cristina Sepe, WSBA #53609
Karl D. Smith, WSBA #41988
OFFICE OF THE ATTORNEY GENERAL
Deputy Solicitor General
1125 Washington Street SE
Olympia, WA 98504
Cristina.Sepe@atg.wa.gov
Karl.Smith@atg.wa.gov
***Attorneys for State Co-Defendants***

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this 30th day of September, 2022.

RAFAEL A. MUNOZ-CINTRON
Paralegal I – Litigation Section
King County Prosecuting Attorney's Office



**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 477-1261 Fax (206) 296-0191