The Honorable Barbara J. Rothstein

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMBER KRABACH,

          Plaintiff,

   v.

KING COUNTY et al.,

          Defendant.

Civil Action No. 2:22-cv-1252-BJR

**ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

## I.    INTRODUCTION

Plaintiff Amber Krabach ("Plaintiff") filed this complaint for declaratory and injunctive relief against King County, Julie Wise in her individual capacity and in her capacity as the Director of King County Elections, Steve Hobbs in his official capacity as Secretary of State of Washington, and Jay Inslee in his official capacity as Governor of the State of Washington (collectively "Defendants"). Dkt. No. 1. Plaintiff alleges that Defendants violated her state and federal constitutional rights by removing signs she caused to be placed near ballot collection boxes in King County during the August 2022 Washington State primary election. Plaintiff alleges that Defendants removed the signs pursuant to Washington election laws RCW 29A.84.510(1) and RCW 29A.84.520 and corresponding administrative regulation W.A.C. 434-250-100(6). She asserts that these statutes and regulation both facially, and as applied to her

activities, violate her right to free speech as secured by the First Amendment to the United States Constitution and/or Washington's Constitution.

Plaintiff wishes to repost the signs near the ballot drop boxes during the upcoming midterm election but fears criminal retribution by Defendants; therefore, she filed the instant motion for a preliminary injunction prohibiting: (1) Defendants from removing the signs and/or otherwise discriminate against Plaintiff's First Amendment activities, (2) "prohibiting Defendants from enforce[ing] RCW 29A.84.510(1)(a), RCW 29A.84.520, and/or W.A.C. 434-250-100(6), and (3) "prohibiting Defendants from maintaining and/or implementing RCW 29A.84.510(1)(a), RCW 29A.84.520, and/or W.A.C. 434-250-100(6), in any capacity, as those provisions are facially overbroad, and/or void-for-vagueness." Dkt. No. 1 at Relief Requested ¶ 9. Defendants oppose the motion. Dkt. Nos. 19 & 22. Having reviewed the motion, the oppositions thereto, the record of the case, and the relevant legal authority, the Court will deny the motion. The reasoning for the Court's decision follows.

## II.    BACKGROUND

Plaintiff is a resident of King County who unsuccessfully ran for the Washington State Legislature in the August 2022 Washington State primary election. Prior to the August 2022 election, Plaintiff printed and distributed signs containing the following message: "This Ballot Dropbox is Under Surveillance – Accepting compensation for harvesting or depositing ballots may be a violation of federal law. 52 U.S. Code § 20511; 18 U.S. Code § 594. Please report suspicious activity here [to a URL code]." She caused the signs to be placed near ballot drop boxes located in King County starting on July 15, 2022. She alleges that the signs were placed "at least 50-100 feet away from the ballot drop boxes themselves, in public rights of way and other areas where campaign signs by various candidates were permitted and appeared." Dkt. No. 1 ¶ 25.

Plaintiff alleges that "[w]ithin days of the signs going up", she received a "cease-and-desist letter penned by Mathew Patrick Thomas, Chairman of the [King County] GOP, demanding that [she] '…immediately cease and desist in the publication, distribution and use of these signs and any reference to the KCGOP or the KCGOP EIC in any form.'" *Id*. at ¶ 29, quoting Exhibit 2 to Complaint. She further alleges that the letter threatened legal action if the signs were not "immediately removed and destroyed." *Id*. Plaintiff asserts that the foregoing letter was sent at the urging of Defendant Julie Wise, Director of King County Elections, who claimed that the signs constituted illegal voter intimidation in violation of Washington and federal laws. Plaintiff further claims that the signs were removed by Defendants' agents and Defendants referred the matter to the King County Sheriff's Office for criminal investigation, as well as issued several press releases condemning the placement of the signs as an attempt to intimidate voters.

Plaintiff alleges that Defendants removed the signs based on their interpretation and implementation of RCW 29A.84.510(1), which in relevant part provides:

> During the voting period that begins eighteen days before and ends the day of a special election, general election, or primary, no person may: (a) Within…any public street or room in any public manner within…25 feet measured radially from a ballot drop box as described in RCW 29A.40.170: (i) Suggest or persuade or attempt to suggest or persuade any voter to vote for or against any candidate or ballot measure; … (iv) Engage in any practice which interferes with the freedom of voters to exercise their franchise or disrupts the administration of the voting center.

Plaintiff also claims that Defendants acted pursuant to RCW 29A.84.520 which states, in relevant part, that ["a]ny election officer who does any electioneering at a voting center or ballot drop location during the voting period that begins eighteen days before and ends the day of a special election, general election, or primary election is guilty of a misdemeanor …" Lastly, Plaintiff asserts that Defendants acted pursuant to W.A.C. 434-250-100(6) which provides that "[w]ithin twenty-five feet of a ballot deposit site that is not located

within a voting center, no person may electioneer, circulate campaign material, solicit petition signatures, or interfere with or impede the voting process. Whenever it is necessary to maintain order around a ballot deposit site, the county auditor may contact a law enforcement agency for assistance."

Plaintiff contends that the foregoing statutes and regulation are overbroad and therefore unconstitutional on their face; she also contends that they are unconstitutional as applied to her activities. She further claims that she wishes to "continue speaking upon ballot box surveillance and similar matters concerning the [upcoming] 2022 general elections in Washington state, but has presently been chilled in her speech by the enforcement efforts of [Defendants]." Dkt. No. 12 at 14. Therefore, with the instant motion, she seeks an injection from this Court barring Defendants from enforcing the foregoing statutes and regulation against her.

### III.    DISCUSSION

#### A.    Legal Standard

"A preliminary injunction is an extraordinary and drastic remedy; it is never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (internal citations omitted). Plaintiff must make a "clear showing" that: (1) she is likely to succeed on the merits; (2) in the absence of an injunction, she would likely suffer irreparable harm; (3) the balance of equities tips in her favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The Ninth Circuit follows a "'sliding scale' approach to evaluating the first and third *Winter* elements, [where] a preliminary injunction may be granted when there are 'serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff,' so long as 'the other

two elements of the *Winter* test are also met.'" *Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 944 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131–32 (9th Cir. 2011)).

### B.    Discussion

"Courts asked to issue preliminary injunctions based on First Amendment grounds face an inherent tension: the moving party bears the burden of showing likely success on the merits ... and yet within that merits determination the government bears the burden of justifying its speech-restrictive law." *California Chamber of Com. v. Council for Educ. & Rsch. on Toxics*, 29 F.4th 468, 477 (9th Cir. 2022) (quoting *Thalheimer v. City of San Diego*, 645 F.3d 1109, 1115 (9th Cir. 2011), *overruled on other grounds by Bd. of Trs. of Glazing Health & Welfare Tr. v. Chambers*, 941 F.3d 1195, 1199 (9th Cir. 2019) (en banc)). "Therefore, in the First Amendment context, the moving party bears the initial burden of making a colorable claim that its First Amendment rights have been infringed, or are threatened with infringement, at which point the burden shifts to the government to justify the restriction" on speech. *Id.* at 478.

The parties do not dispute that Defendants ordered the removal of Plaintiff's signs because, in Defendants' view, the signs constituted voter intimidation in violation of state and federal law. *See e.g.* Dkt. No. 1 ¶ 34 (citing a press release in which Director Wise states that the signs constitute illegal voter intimidation); ¶ 37 (King County Executive Dow Constantine characterizing the signs as voter intimidation); ¶ 38 (King County Prosecutor Satterberg describing the signs as illegal voter intimidation); ¶ 41 (Governor Inslee describing the signs as attempted voter suppression). However, rather than address the relevant state and federal voter intimidation statutes—RCW 29A.84.620, RCW

29A.84.630, and 52 U.S.C. § 10307(b)—Plaintiff focuses her challenge to Defendants' actions on RCW 29A.84.510(1) (prohibiting certain actions within 25 feet of a ballot drop box) and RCW 29A.84.520 (prohibiting certain actions by an "election officer") and a supporting regulation. *See* Dkt. Nos. 1 & 12 (identifying the challenged statutes). Not only are Defendants clear that these statutes played no role in their decision to remove the signs, *see* Dkt. No. 22 at 1 ("[t]hese statutes and regulations are irrelevant" and "did not cause Director Wise's actions"), but the complaint itself demonstrates that the statutes are not relevant to this lawsuit. For instance, the complaint alleges that the signs were placed well-outside the 25-foot limitation imposed by RCW 29A.84.510(1). *See* Dkt. No. 1 ¶ 25 ("Plaintiff instructed the individuals who received signs to place them at least 50-100 feet away from the ballot boxes themselves…"). Likewise, the complaint is careful to allege that Plaintiff's actions were not that of an "election officer", but rather undertaken in her individual capacity, thus rendering RCW 29A.84.520 inapplicable. *Id*. ¶ 15 ("All of Plaintiff's First Amendment activities and other activities as alleged *infra* were undertaken in her individual capacity, as a resident of Washington and of King County, and were not financed by, nor affiliated with, the KC GOP in any way."). Plaintiff wishes to post her signs at ballot drop boxes during the upcoming Washington State midterm election; however, even if this Court were to award her the relief she seeks and determine that RCW 29A.84.510(1) and RCW 29A.84.520 and the corresponding regulation are constitutionally infirm, such relief would not prohibit Defendants from removing the signs during the upcoming election because they would do so pursuant to entirely different statutes.

1    In short, Plaintiff asks this Court to opine on the constitutionality of certain state

2  statutes that are wholly irrelevant to the matter at hand, something the Court is prohibited

3  from doing. *Thomas v. Anchorage Equal Rights Com'n*, 220 F.3d 1134, 1138 (9th Cir.

4  2000) ("[The court's] role is neither to issue advisory opinions nor to declare rights in

5  hypothetical cases, but to adjudicate live cases or controversies consistent with the powers

6  granted the judiciary in Article III of the Constitution."). Therefore, Plaintiff's motion for

7  a preliminary injunction must be denied.

### IV.    CONCLUSION

For the foregoing reasons, Plaintiff's motion for preliminary injunction is

HEREBY DENIED.

Dated this 19th day of October 2022.

Barbara    Jacobs    Rothstein
U.S. District Court Judge