The Honorable Barbara J. Rothstein

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMBER KRABACH,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>KING COUNTY *et al.*,<br><br>　　　　　Defendant. | Civil Action No. 2:22-cv-1252-BJR<br><br>**ORDER DENYING MOTION TO COMPEL** |

## I.　INTRODUCTION

Plaintiff Amber Krabach ("Plaintiff") filed a complaint for declaratory and injunctive relief against King County and Julie Wise in her individual capacity and in her capacity as the Director of King County Elections ("the County Defendants), and Steve Hobbs in his official capacity as Secretary of State of Washington and Jay Inslee in his official capacity as Governor of the State of Washington ("the State Defendants") (collectively "Defendants"). Dkt. No. 1. Plaintiff alleges that Defendants violated her state and federal constitutional rights by removing signs she caused to be placed near ballot collection boxes in King County during the August 2022.

Currently pending before the Court is Plaintiff's motion to compel discovery. Dkt. No. 78. Having reviewed the motion, response, and reply thereto, the relevant legal authority, and the record of the case, the Court will deny the motion. The reasoning for the Court's decision follows.

## II.  BACKGROUND

This Court denied Plaintiff's request for a preliminary injunction in October 2022. Dkt. No. 36. Thereafter, Plaintiff sought leave to file an amended complaint, which this Court granted. Dkt. Nos. 51 and 54. After the State Defendants moved to dismiss the First Amended Complaint ("FAC"), this Court *sua sponte* struck the FAC and ordered Plaintiff to file a Second Amended Complaint ("SAC") that addressed the pleading deficiencies identified by the Court in the order denying Plaintiff's motion for a preliminary injunction. Dkt. No. 69. Plaintiff filed the SAC in March 2023. Dkt. No. 70.

In the interim, the parties commenced discovery and Plaintiff served the County Defendants with written discovery requests. Dkt. No. 79, Ex. 1. Relevant here are Interrogatory and Request for Production Nos. 4, 8, and 23:

> INTERROGATORY NO. 4 (to Director Wise)/INTERROGATORY No. 8 (to King County):
>
> Please identify and describe with particularity, in accordance with the foregoing Definitions, all of Your documents and communications with and/or between You and KCE and/or the King County Prosecuting Attorney's Office, or anyone acting on their behalf, relating to or referring to the Plaintiff, Amber Krabach, the King County Elections Integrity Committee, Plaintiff's posting of election signs during the August, 2022 primary election in the State of Washington, or King County and/or KCE's response to same, during the above-referenced time period (including, but not limited to emails, text messages, telephone calls, videoconferences, and other forms of electronic communication), stating the approximate length and describing in detail the substance of each such communication, the purpose of the communication, and whether such communication was written or oral. As part of your answer, specifically identify all legal opinions, recommendations, guidance and/or advice provided to You and/or to KCE by the King County Prosecuting Attorney's Office, with respect to the subject matters specified herein.
>
> REQUEST FOR PRODUCTION NO. 4 (to Director Wise)/REQUEST FOR PRODUCTION NO. 8 (to King County):
>
> Please produce all documents which are identified in or that relate in any way to Your answer to the foregoing Interrogatory No. 4 including, but not limited to all legal opinions, recommendations, guidance and/or advice provided to You and/or to KCE by the King County Prosecuting Attorney's Office, with respect to the subject matters specified herein, and any other documents reflecting same, including telephone records, electronic mail messages, voicemail messages or text messages, records of videoconferences, personal notes, meeting minutes, and all other

> documents of any type reflecting such legal opinions, recommendations, guidance and/or advice.
>
> INTERROGATORY NO. 23 (to King County):
>
> Please identify and describe with particularity, in accordance with the foregoing Definitions, the principal and/or material factual support for Your allegation, in paragraph 32 of the Counterclaims, that "[a]fter consulting with civil counsel from the King County Prosecuting Attorney's Office and discussing the matter with other elections officials, Director Wise determined that the signs constituted illegal voter intimidation under state and federal law."
>
> REQUEST FOR PRODUCTION NO. 23 (to King County):
>
> Please produce all documents which are identified in or that relate in any way to Your answer to the foregoing Interrogatory No. 23.

Dkt. No. 79, Exs. 1 and 2. The County Defendants object to the foregoing discovery requests, arguing that they seek information that is protected by the attorney-client privilege. Plaintiff moves this Court to overrule the attorney-client privilege objection, claiming that the County Defendants waived the right to assert the privilege.

### III.    DISCUSSION

The attorney-client privilege is "the oldest of the privileges for confidential communications known to the common law." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). "Its purpose is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Id*. In the Ninth Circuit, "[w]here legal advice of any kind is sought from a professional legal advisor in his capacity as such, communications relating to that purpose made in confidence by [a] client are, at his instance, permanently protected from disclosure by himself or by the legal advisor, unless [the] protection [is] waived." *In re Fischel*, 557 F.2d 209, 211 (9th Cir. 1977) (internal numbering omitted). The party asserting the privilege bears the burden of establishing its existence as to each

communication being withheld. *See United States v. Ruehle*, 583 F.3d 600, 608 (9th Cir. 2009). Here, Plaintiff does not challenge the privileged nature of the sought-after discovery; rather, she argues that the County Defendants both implicitly and explicitly waived their right to assert that the material is protected by privilege.

      **A.**      **Whether the County Defendants Implicitly Waived the Attorney-Client Privilege**

A party who affirmatively places its attorney-client communications at issue in a litigation implicitly waives the privilege. *Rock River Communications, Inc. v. Universal Music Group, Inc.*, 745 F.3d 343, 353 (9th Cit. 2014). "In practical terms, this means that parties in litigation may not abuse the privilege by asserting claims the opposing party cannot adequately dispute unless it has access to the privileged materials." *Bittaker v. Woodford*, 331 F.3d 715, 719 (9th Cir. 2003).

Here, Plaintiff argues that the County Defendants placed the advice of counsel at issue in this litigation in two ways. First, the County Defendants assert counterclaims against Plaintiff, which among other things, allege that Director Wise determined that Plaintiff's signs "constituted illegal voter intimidation under state and federal law" after the Director consulted with "civil counsel from the King County Prosecuting Attorney's Office". Dkt. No. 74, p. 25-26 at ¶ 32. Second, Director Wise testified during her deposition that she made the decision to remove Plaintiff's signs after she was advised by legal counsel that the signs were "blatantly illegal for voter intimidation". Dkt. No. 74, Ex. 4 at 102:8-10. According to Plaintiff, "because the County Defendants rely so extensively upon [the legal] advice, the law of this Circuit (and basic fairness) dictates that all related documents, verbal communications, and other responsive information pertaining to the subject matter of the advice should be produced". Dkt. No. 78 at 5.

Plaintiff's argument is misplaced. "In general, disclosing that legal counsel was consulted [and] the subject about which [the] advice [was] received, or that action was taken based on that advice, does not necessarily waive the privilege protection." *Melendres v. Arpaio*, 2015 12911719, *3 (D. Ariz. May 14, 2015), *see also, United States v. Amlani*, 169 F.3d 1189, 1195 (9th Cir. 1999) (noting that privileged communication does not become discoverable simply because it is related to issues raised in the litigation). The key to a finding implicit waiver when a client asserts reliance on an attorney's advice "is some showing by the party arguing for a waiver that the opposing party *relies* on the privileged communication as a claim or defense or as an element of a claim or defense." *In re Cnty. of Erie*, 546 F.3d 222, 228 (2d Cir. 2008) (emphasis is original) (concluding in the context of the legality of strip searches in a prison that the fact that a prison official revealed that legal counsel was consulted about the legality of the practice did not waive the privilege protection for those communications because the success of the defense turned on the objective legality of what was done, not the subjective state of mind of the prison officials). Underlying any determination that a privilege should be forfeited is the notion of unfairness. *See Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992); *see also*, *John Doe Co. v. United States*, 350 F.3d 299, 306 (2d Cir. 2003) (the notion of unfairness implicates only "the type of unfairness to the adversary that results in litigation circumstances when a party uses an assertion of fact to influence the decisionmaker while denying its adversary access to privileged material potentially capable of rebutting the assertion").

The County Defendants have not placed the advice of counsel at issue in this litigation to the extent that fairness mandates disclosure of the privileged communication.

Whether Plaintiff's signs violate voter intimidation laws (as the County Defendants allege) or whether the County Defendants' actions in removing the signs violate the First Amendment (as Plaintiff alleges) does not turn on the legal advice provided by counsel. Likewise, whether Director Wise is entitled to qualified immunity does not depend on the legal advice she was provided. Thus, Plaintiff has not been denied access to information that is vital to her claims. Therefore, the Court concludes that the County Defendants have not implicitly waived the attorney-client privilege.

      **B.    Whether the County Defendants Explicitly Waived the Attorney-Client Privilege**

Plaintiff also argues that the County Defendants explicitly waived the attorney-client privilege because Director Wise "voluntarily disclosed the subject matter of the advice she received not only in this litigation, but to several other officials in the government [], to representatives of the political parties [], and even to the news media." Dkt. No. 78 at 6. Plaintiff is correct that an express waiver of the attorney-client privilege may occur "when a party discloses privileged information to a third party who is not bound by the privilege, or otherwise shows disregard for the privilege by making the information public." *Bittaker*, 331 F.3d at 719. However, "[t]he case law is well settled that disclosing the fact that there were confidential communication between a client and his or her attorney—or even disclosing that certain subjects confidentially were discussed between a client and his or her attorney—does not constitute a waiver by partial disclosure." *United States v. Sanmina Corporation*, 968 F.3d 1107, 1123, fn. 9 (9th Cir. 2020). Instead, the disclosure must be of confidential portions of the privileged communications. *Roberts v. Legacy Meridian Park Hosp., Inc.*, 97 F. Supp. 3d 1245, 1253

(D. Or. 2015) (quoting 2 PAUL R. RICE, ATTORNEY–CLIENT PRIVILEGE IN THE UNITED STATES § 9:30 at 153–56 (2014)).

The Court has reviewed the statements Director Wise made to the government officials, political parties, and media and concludes that the statements did not explicitly waive her privileged communication with counsel. The statements include "I have conferred at length with the Prosecuting Attorney's Office and Executive on this matter. Not only are these signs misleading and intimidating, they are illegal" (Dkt. No. 96 at 100) and "Following our statement and collaboration with the Prosecuting Attorney's Office and King County Executive and Sheriff's office, our teams have removed a total of 11 signs at ballot drop boxes" (*id*. at 4). Such statements are insufficient to waive attorney-client privilege. As stated above, simply disclosing the fact of the communication, the identity of the attorney, the subject discussed, and the details of the meeting is insufficient to waive the privilege. *Roberts*, 97 F. Supp. 3d at 1253.

## IV.    CONCLUSION

For the foregoing reasons, the Court HEREBY DENIES Plaintiff's motion to compel discovery (Dkt. No. 78).

Dated this 12th day of June 2023.

Barbara Jacobs Rothstein
U.S. District Court Judge