The Honorable Barbara J. Rothstein

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMBER KRABACH,

    Plaintiff,

v.

KING COUNTY *et al.*,

    Defendant.

Civil Action No. 2:22-cv-1252-BJR

**ORDER DENYING MOTION TO CERTIFY INTERLOCUTORY APPEAL**

## I.    INTRODUCTION

Plaintiff Amber Krabach ("Plaintiff") filed a complaint for declaratory and injunctive relief against King County and Julie Wise in her individual capacity and in her capacity as the Director of King County Elections ("the County Defendants"), and Steve Hobbs in his official capacity as Secretary of State of Washington and Jay Inslee in his official capacity as Governor of the State of Washington ("the State Defendants") (collectively "Defendants"). Dkt. No. 1. Plaintiff alleges that Defendants violated her state and federal constitutional rights by removing signs she caused to be placed near ballot collection boxes in King County during the August 2022 election.

Currently pending before the Court is Plaintiff's motion to certify for interlocutory appeal certain questions arising from the Court's denial of her motion to compel discovery and override privilege objections. Dkt. No. 98. Having reviewed the motion, the opposition and reply thereto, the record of the case, and the relevant legal authority, the Court will deny the motion.

## II.     BACKGROUND

This Court denied Plaintiff's request for a preliminary injunction in October 2022.[1] Dkt. No. 36. Thereafter, Plaintiff sought leave to file an amended complaint, which this Court granted. Dkt. Nos. 51 and 54. After the State Defendants moved to dismiss the First Amended Complaint ("FAC"), this Court *sua sponte* struck the FAC and ordered Plaintiff to file a Second Amended Complaint ("SAC") that addresses the pleading deficiencies identified by the Court in the order denying Plaintiff's motion for a preliminary injunction. Dkt. No. 69. Plaintiff filed the SAC in March 2023 and the County Defendants filed counterclaims. Dkt. No. 70. Thereafter, the State Defendants moved to dismiss the SAC and Plaintiff moved to dismiss the County Defendants' counterclaims. These motions are currently pending before the Court.

In the interim, the parties commenced discovery and Plaintiff served the County Defendants with written discovery requests. Dkt. No. 79, Ex. 1. The County Defendants objected to the requests, arguing that they sought information that is protected by the attorney-client privilege. Plaintiff moved this Court to overrule the attorney-client privilege objection, claiming that the County Defendants waived the right to assert the attorney-client privilege. This Court denied Plaintiff's motion to compel, and Plaintiff filed the instant motion for interlocutory appeal, which the County Defendants oppose. Dkt. Nos. 97 and 98.

---

[1] Plaintiff appealed this decision to the Ninth Circuit in October 2022 and the Appellate Court dismissed the appeal as moot in August 2023. Dkt. Nos. 39 and 103. Plaintiff's motion for a rehearing en banc was denied and the Appellate Court's mandate was issued in September 2023. Dkt. Nos. 104-105.

### III. DISCUSSION

**A. Legal Standard**

Generally, the United States Courts of Appeal have jurisdiction over appeals from "final decisions of the district courts." *See* 28 U.S.C. § 1291. Congress created a limited exception to the final-judgment rule in 28 U.S.C. § 1292(b), which "provides a mechanism by which litigants can bring an immediate appeal of a non-final order upon the consent of both the district court and the court of appeals." *In re Cement Antitrust (MDL No. 296)*, 673 F.2d 1020, 1025–26 (9th Cir.1981) (*en banc*). Known as an interlocutory appeal, these appeals are approved only in "rare circumstances" because they are "a departure from the normal rule that only final judgments are appealable," and therefore requests for interlocutory appeals "must be construed narrowly." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1070, n. 6 (9th Cir. 2002); *see also*, *In re Cement Antitrust*, 673 F.2d at 1026 (Section 1292(b) is "to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation"); *United States Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966) (Section 1292(b) "was not intended merely to provide review of difficult rulings in hard cases"). The party seeking interlocutory appeal "bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994).

To grant a § 1292(b) motion, a district court must first find "that the certification requirements of the statute have been met." *In re Cement Antitrust Litig.*, 673 F.2d at 1026. "These certification requirements are (1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation." *Id*.

### B. Controlling Question of Law

An order must involve a controlling question of law to be eligible for certification for an interlocutory appeal. "Examples of controlling questions of law include fundamental issues such as '"the determination of who are necessary and proper parties, whether a court to which a case has been transferred has jurisdiction, or whether state or federal law should be applied."'" *Rieve v. Coventry Health Care, Inc.*, 870 F. Supp. 2d 856, 879 (C.D. Cal. 2012); *see also United States v. Woodbury*, 263 F.2d 784, 787 (9th Cir. 1959) ("Examples of such questions are those relating to jurisdiction or a statute of limitations which the district court had decided in a manner which keeps the litigation alive but which, if answered differently on appeal, would terminate the case."). Here, Plaintiff argues that this requirement is satisfied because "the course of [this] litigation turns drastically on whether or not Plaintiff is permitted to learn details of the legal advice upon which Director Wise undisputedly relied." Dkt. No. 98 at 4. This Court disagrees. The fundamental issues in this case are whether the State and County Defendants violated Plaintiff's federal constitutional rights under the First and Fourteenth Amendments, and her Washington state constitutional rights, by censoring her protected speech and chilling future speech. As this Court stated in denying Plaintiff's motion to compel, "[w]hether Plaintiff's signs violate voter intimidation laws (as the County Defendants allege) or whether the County Defendants' actions in removing the signs violate the First Amendment (as Plaintiff alleges) does not turn on the legal advice provided by counsel. Likewise, whether Director Wise is entitled to qualified immunity does not depend on the legal advice she was provided. Thus, Plaintiff has not been denied access to information that is vital to her claims." Dkt. No. 97 at 6. Therefore, the issue of whether the requested discovery is privileged is a collateral issue to the fundamental issues in this case and is not a "controlling question of law." *See e.g. In re Examination of*

*Privilege Claims*, 2016 WL 11713117, *2 (W.D. Wash. January 25, 2016) (quoting *Woodbury*, 263 F.2d at 787) ("The order determining whether the documents are privileged 'involves nothing as fundamental as the determination of who are necessary and proper parties, whether a court to which a cause had been transferred has jurisdiction, or whether state law shall be applied'" therefore the issue of whether the documents "are privileged is collateral to the basic issues of the case and is not 'a controlling question of law.'").

### C. Substantial Ground for Difference of Opinion

To determine if a "substantial ground for difference of opinion" exists under § 1292(b), courts must examine to what extent controlling law is unclear. *Couch v. Telescope*, 611 F.3d 629, 633 (9th Cir. 2010). "[T]he question under this prong is not whether [the district court's] application of the law was correct; rather, the question is whether a substantial ground for difference of opinion exists." *In re Examination of Privilege Claims*, 2016 WL 11713117, *3 (W.D. Wash. January 25, 2016). "Courts are more likely to find a substantial ground for difference of opinion exists where 'the circuits are in dispute on the question and the court of appeals for the circuit has not spoken on the point." *Id*. quoting *Couch*, 611 F.3d at 633. Here, Plaintiff argues that this Court "misapplied" settled circuit law and "relied on a different standard from a different circuit." Dkt. No. 101 at 4. In short, Plaintiff argues that this Court's application of the law was incorrect; such argument is insufficient to satisfy the "substantial ground for difference of opinion" under sec. 1292(b). *See e.g., Miller v. Boilermaker-Blacksmith National Pension Trust*, 2021 WL 2934590, *7 (E.D. Wash. July 12, 2021) (quoting *Couch*, 611 F.3d at 633) ("A party's disagreement with the Court's rulings is not sufficient for there to be 'substantial ground for difference of opinion.'").

### D. Materially Advance the Ultimate Termination of Litigation

"The third requirement for an interlocutory appeal—that the appeal must be likely to materially speed the termination of the litigation—is closely linked to the question of whether an issue of law is 'controlling,' because the district court should consider the effect of a reversal on the management of the case." *L.H. Meeker v. Belridge Water Storage District*, 2007 WL 781889, at *6 (E.D. Cal. March 13, 2007) (citing *In re Cement*, 673 F.2d at 1026). This Court has already concluded that whether the discovery Plaintiff seeks is protected by the attorney-client privilege is a collateral issue to the fundamental issues in this case. Therefore, immediate appeal of this issue will not materially advance the ultimate termination of this litigation given that other issues would have to be determined in order to resolve Plaintiff's claims. *See Piper Jaffray & Co. v. Marketing Group, USA, Inc.*, 2007 WL 2316996, *1 (S.D. Cal. Aug. 9, 2007) (stating that "the determination of these issues would not materially advance the ultimate termination of the litigation since other issues would have to be determined in order to resolve Plaintiff's claims").

### IV. CONCLUSION

For the foregoing reasons, this Court HEREBY DENIES Plaintiff's motion for certification of interlocutory appeal.

Dated this 29th day of September 2023.

_____
Barbara Jacobs Rothstein
U.S. District Court Judge