1

2

3

4

5

6

7

8

9

10

11

12

13

The Honorable Barbara J. Rothstein

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMBER KRABACH,

               Plaintiff,

    v.

KING COUNTY *et al.*,

               Defendant.

Civil Action No. 2:22-cv-1252-BJR

**ORDER DENYING MOTION FOR
RECONSIDERATION**

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## I.       INTRODUCTION

Plaintiff Amber Krabach ("Plaintiff") instituted this action seeking declaratory and injunctive relief against Defendants King County, Julie Wise in her individual capacity and in her capacity as the Director of King County Elections ("the County Defendants"), Steve Hobbs in his official capacity as Secretary of State of Washington, and Jay Inslee in his official capacity as Governor of the State of Washington ("the State Defendants"). Dkt. No. 70. On October 19, 2023, this Court granted the State Defendants' motion to dismiss Plaintiff's Second Amended Complaint ("the October 19, 2023 Order"), thereby dismissing the State Defendants from the case. Dkt. No. 107. Currently before the Court is Plaintiff's motion for reconsideration of the October 19, 2023 Order. Dkt. No. 109. Having reviewed the motion, the State Defendants'

1

opposition thereto, Plaintiff's reply, the record of the case, and the relevant legal authority, the Court denies the motion. The reasoning for the Court's decision follows.

## II. PROCEDURAL BACKGROUND

This case has an extensive procedural history including an interlocutory appeal, which the Ninth Circuit denied, a request for a second interlocutory appeal, which this Court denied, several amended complaints, counterclaims, several motions to dismiss, another request for an interlocutory appeal,[1] and now Plaintiff's motion for reconsideration of the October 19, 2023 Order.

## III. STANDARD OF REVIEW

"Under Local Rule 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority that could not have been brought to the attention of the court earlier, through reasonable diligence." *Baker v. New Hanover Regional Hospital*, 2022 WL 3577398, *1 (W.D. Wash. Aug. 19, 2022). Mere disagreement with an order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. See *Haw. Stevedores, Inc. v. HT & T Co*., 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005) (citing *Leong v. Hilton Hotels Corp*., 689 F. Supp. 1517 (D. Haw. 1988)).

## IV. DISCUSSION

Plaintiff claims that this Court committed manifest error by (1) misinterpreting the allegations of the second amended complaint, (2) failing to read an "administrative censorship"

---

[1]Plaintiff and the County Defendants voluntarily dismissed their claims against each other without prejudice, mooting this latest request for an interlocutory appeal. Dkt. No. 120.

claim into the second amended complaint, and (3) dismissing the State Defendants with prejudice on the sovereign immunity grounds. Plaintiff is incorrect on all three grounds.

The factual allegations of Plaintiff's complaint have been recited by this Court on multiple occasions and will not be restated again here. It is sufficient to say that Plaintiff caused signage to by placed near ballot boxes during the 2022 Washington State primary election. The Country Defendants removed the signs, alleging that they violated voter intimidation laws. Plaintiff instituted an action for declaratory and injunctive relief against the State and County Defendants, alleging that the County Defendants removed the signs pursuant to Washington State electioneering laws that, among other things, prohibit political signs within 25 feet of ballot boxes. Plaintiff alleged that removing the signs violated her First Amendment rights. This Court denied Plaintiff's request for a preliminary injunction because the relief she sought—a declaration that the electioneering laws are unconstitutional—would not redress her alleged injury given that the County Defendants removed her signs pursuant to voter intimidation laws, not electioneering laws.

Relevant to the instant motion, Plaintiff amended her compliant to include allegations that the State and County Defendants acted pursuant to both voter intimidation and electioneering laws and the State Defendants moved to dismiss Plaintiff's claims based on the electioneering laws for the same reason that this Court denied Plaintiff's motion for a preliminary injunction—Plaintiff lacks standing to bring such claims because a favorable decision on those claims would not redress Plaintiff's alleged injury. This Court agreed with the State Defendants and dismissed Plaintiff's claims based on the electioneering laws.

Plaintiff now argues that this Court committed manifest error by dismissing the electioneering law claims. She alleges that this Court "misinterpret[ed] the allegations" in the second amended

complaint[2] and attempts to supplement the allegations with statements made by the King County GOP Chairman Thomas during his deposition testimony. Simply put, it is too late for Plaintiff to bring Chairman Thomas' testimony to the Court's attention. Chairman Thomas was deposed on April 18, 2023, and the State Defendants filed their motion to dismiss three days later on April 21, 2023. Dkt. Nos. 76, 81. Plaintiff filed her opposition to the motion on May 26, 2023, over a month after the deposition was conducted. This Court did not issue the decision on the motion to dismiss until six months later. During that time, Plaintiff did not bring to the Court's attention that she believed that the Chairman's testimony was relevant to the motion to dismiss. She could have cited to the testimony in her opposition, requested leave to file a sur-reply, or even sought leave to file a third amended complaint. What she cannot do is wait until the Court issues a determination that is unfavorable to her position and then attempt to circumvent that outcome by bringing pre-existing evidence to the Court's attention after the fact. *See School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) ("The overwhelming weight of authority is that the failure to file documents in on original motion or opposition does not turn the late filed documents into 'newly discovered evidence.'"), *see also Frederick S. Wyle Professional Corp. v. Texaco, Inc.*, 764 F.2d 604, 609 (9th

---

[2] Plaintiff suggests that this Court mistakenly concluded from the allegations in the second amended complaint that Plaintiff charged the County Defendants with "formulat[ing] [their] litigation position that [they] acted pursuant to the Intimidation Law only *after* the initiation of this lawsuit." Dkt. No. 109 at 4 (emphasis added). The Court reached no such conclusion. The Court simply quoted the foregoing allegation in the complaint as an example of the inconsistencies throughout the complaint. In other words, Plaintiff alleged that while the County Defendants claim that they removed the signs pursuant to voter intimidation laws, she does not believe that is true and, rather, the County Defendants removed the signs pursuant to electioneering laws. But this allegation is inconsistent with many of the other allegations in the complaint, *e.g.*—Plaintiff alleged that the signs were removed regardless of whether they were within 25 feet of the ballot boxes.

Cir.1985) (evidence available to party before it filed its opposition is not newly discovered evidence warranting reconsideration of summary judgment).[3]

Next, Plaintiff alleges that the Court failed to recognize that she "sufficiently alleged a First Amendment violation by administrative censorship" claim. Dkt. No. 109 at 8. Plaintiff points to a recent Fifth Circuit decision as support for her position that this Court erred by not intuiting that she was raising an administrative censorship claim akin to the one raised in that case. *See Missouri v. Biden*, 83 F.4th 350, 373 (5th Cir. 2023), *cert. granted sub nom. Murthy v. Missouri*, No. 23-411. Plaintiff did not raise an "administrative censorship" claim in the second amended complaint nor explained her desire to raise such a claim in her opposition to the motion to dismiss. It is not the Court's duty to "peruse the record to formulate the parties' arguments." *Foskaris v. Experian Info. Sols., Inc.*, 808 F. App'x 436, 440 (9th Cir. 2020). It is not manifest error for the Court to not consider a theory of relief that Plaintiff herself did not raise in her prior complaints and briefs.

Lastly, Plaintiff argues that this Court committed manifest error by dismissing the State Defendants with prejudice on sovereign immunity grounds. Plaintiff is correct that in some contexts a dismissal for lack of subject-matter jurisdiction should be without prejudice; however, a dismissal with prejudice is appropriate where the bar to jurisdiction is absolute. As this Court

---

[3] Plaintiff suggests that she was prohibited from bringing the evidence to the Court's attention because, per the parties' request, the Court stayed "[a]ll proceedings—except for ruling on the pending motions to dismiss and motion to compel" pending resolution of the outstanding motions and the Ninth Circuit's resolution of Plaintiff's interlocutory appeal. Dkt. No. 84. This argument is without merit. First, the stay was entered after Chairman Thomas was deposed and after the State Defendants' filed their motion to dismiss, and second, the stay did not affect Plaintiff's ability to raise the evidence in her opposition to the motion or to request leave to amend the complaint for a third time as both directly relate to the pending motions that were exempted from the stay.

has already determined, the *Ex parte Young* exception to state sovereign immunity does not apply to the State Defendants, thus the doctrine operates as a total bar to Plaintiff's claims against the State Defendants. *See, e.g., Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988) (district court did not abuse its discretion to dismiss with prejudice because the bar of sovereign immunity was absolute). Plaintiff's remaining arguments on this issue are simply an improper attempt to reargue what this Court had already considered and resolved. "[M]otions for reconsideration are not the proper vehicles for rehashing old arguments and are not intended to give an unhappy litigant one additional chance to sway the judge." *Phillips v. C.R. Bard, Inc.*, 290 F.R.D. 615, 670 (D. Nev. 2013) (alteration in original) quoting *Cheffins v. Stewart*, 2011 WL 1233378, at *1 (D. Nev. Mar. 29, 2011).[4]

## V.   CONCLUSION

Based on the foregoing reasons, the Court HEREBY DENIES Plaintiff's motion for reconsideration [Dkt. No. 109]. This matter is HEREBY DISMISSED.

Dated this 30th day of January 2024.

Barbara    Jacobs    Rothstein
U.S. District Court Judge

---

[4] Plaintiff requests that this Court give her leave to amend her complaint again if it denies her motion for reconsideration. As Plaintiff has already had three opportunities to amend her complaint, the Court will not allow her to do so again.